IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| 3M COMPANY, a Delaware corporation, and 3M INNOVATIVE PROPERTIES COMPANY, a Delaware corporation,<br><br>　　　Plaintiffs,<br><br>v.<br><br>CONTINENTAL DIAMOND TOOL CORP., an Indiana corporation,<br><br>　　　Defendant. | CASE NO.: 1:21-cv-274 |

## COUNTERCLAIM

COMES NOW Defendant, Continental Diamond Tool Corp., by counsel, and for its Counterclaim against the Plaintiff, alleges and states as follows:

1.　Upon information and belief, Plaintiffs, referred to collectively as 3M, are corporations organized under the laws of the State of Delaware, having their principal place of business at 3M Center, St. Paul, Minnesota 55144.

2.　Continental Diamond Tool Corp. ("CDT") is an Indiana corporation with its principal place of business in New Haven, Indiana.

3.　3M and CDT both do business in the superabrasives industry.

4.　Over the last several years, several employees have left the employment of 3M or its affiliates and subsequently became employed by CDT.

5.　At least some of the former employees of 3M or its affiliates had an agreement with 3M regarding their employment at 3M's affiliates.

6.　Paul Christy ("Christy") was a former employee of an affiliate of 3M who inquired about employment with CDT in 2021 and who was ultimately hired by CDT.

7.　CDT directed Christy to request a release from his 3M non-compete prior to commencing his employment with CDT.

3038611

8. Christy had a written agreement with 3M that provided that he could work for CDT if he obtained the consent of 3M (the "Christy Agreement"). A true and accurate copy of the Christy Agreement is attached hereto, incorporated herein, and marked Exhibit "1."

9. On or about March 22, 2021, Christy asked for consent from 3M and was told by 3M that he would be contacted by Human Resources the week of April 9, 2021. However, 3M never contacted Christy.

10. Christy waited the 14 days for a response to his request to work for CDT and no response was given and Christy then waited until April 16, 2021, with no response, before starting work for CDT.

11. 3M is not permitted to frustrate the purposes of the Christy Agreement by simply not responding to Christy.

12. Christy waited a reasonable time for a response from 3M and because 3M failed to respond within a reasonable time, 3M is deemed to have given consent.

13. Christy fully complied with his agreement with 3M.

14. On June 1, 2021, counsel for 3M sent a letter to Christy claiming that 3M never granted permission and belatedly attempting to object to Christy's employment. A true and accurate copy of the June 1, 2021 correspondence is attached hereto, incorporated herein, and marked Exhibit "2."

15. On July 30, 2021, Christy received another letter from 3M again claiming that Christy did not receive consent and instructing Christy to turn down his employment after 3M had failed to object to Christy's employment within a reasonable time. A true and accurate copy of the July 30, 2021 correspondence is attached hereto, incorporated herein, and marked Exhibit "3".

16. The Christy Agreement does not provide for the retroactive withdrawal of consent.

17. Chad Wesner ("Wesner'") was also an employee of an affiliate of 3M who considered joining CDT.

18. Wesner also had an agreement with 3M (the "Wesner Agreement"). A true and accurate copy of the Wesner Agreement is attached hereto, incorporated herein, and marked Exhibit "4."

19. 3M failed to pay Wesner in direct violation of the Wesner Agreement.

20. 3M, by counsel, sent a letter to Wesner on August 2, 2021 attempting to restore 3M's rights after 3M had breached the Wesner Agreement. A true and accurate copy of the August 2, 2021 correspondence is attached hereto, incorporated herein, and marked Exhibit "5."

21. 3M is now asserting that Wesner cannot work at CDT even though 3M did not comply with the Wesner Agreement and was the first party to breach the Wesner Agreement.

22. 3M's behavior, in contravention of its own agreements, is wholly without justification.

## CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

23. CDT realleges and incorporates by reference herein the foregoing allegations of the Complaint.

24. 3M knew or should have known that CDT has business relationships with Christy and Wesner.

25. 3M has interfered with, and if not enjoined will continue to interfere with, the business relationships between CDT, Christy, and Wesner.

26. 3M intends to harm CDT by interfering with CDT's business relationships.

27. On information and belief, 3M has intentionally interfered with these business relationships by failing to respond to Christy within a reasonable period of time and by breaching its own agreements but still insisting upon performance form Christy and Wesner.

28. As a direct and proximate cause of 3M's tortious interference, CDT has been damaged. In addition, CDT has suffered irreparable harm and will continue to suffer irreparable

harm unless 3M's tortious interference is enjoined by this Court. CDT is entitled to injunctive relief to prevent 3M's tortious interference and threatened further tortious interference.

WHEREFORE, CDT respectfully requests that the Court enter judgment in favor of CDT and against 3M in an amount of damages to be proven at trial, for prejudgment and post judgment interest, and for all other just and proper relief.

## DECLARATORY RELIEF

29. CDT realleges and incorporates by reference herein the foregoing allegations of the Complaint.

30. The Christy Agreement and Wesner Agreement define 3M, for purposes of limiting the post-employment activities of Christy and Wesner, as "3M Company and any existing or future subsidiaries, owned or controlled, directly or indirectly, by said Company."

31. Christy and Wesner did not work for 3M Company but were employed by affiliates.

32. The application of the post-employment obligations to 3M – a company for whom Christy and Wesner were not employed – and "future subsidiaries" which did not exist and could not be determined at the time the Agreements were executed – is overbroad and unenforceable.

33. The Christy Agreement and Wesner Agreement are unenforceable and CDT cannot interfere with an unenforceable contract.

WHEREFORE, CDT respectfully requests that the Court declare that the Agreements are overbroad and unenforceable and for all other just and proper relief.

Respectfully submitted,
BARRETT MCNAGNY LLP

Date: August 17, 2021

By: /s/Anthony M. Stites
Anthony M. Stites, #14078-71
215 E. Berry Street
P. O. Box 2263
Fort Wayne, IN 46801
Phone: (260) 423-9551
Fax: (260) 423-8920
E-mail: ams@barrettlaw.com
Attorneys for Defendants

4

3038611

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed using the Court's CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record, including the following, on August 17, 2021:

| | |
|---|---|
| Randall E. Kahnke | Angela Kelver Hall  (#26991-71) |
| John W. Ursu | Emanuel L. McMiller (#35649-71) |
| Erica Abshez Moran | 300 N. Meridian St., Suite 2500 |
| 2200 Wells Fargo Center | Indianapolis, IN 46204 |
|  90 South Seventh Street | P: (317) 237-0300 |
| Minneapolis, MN  55402-3901 | F: (317) 237-1000 |
| P: (612) 766-7000 | angela.hall@faegredrinker.com |
| F: (612) 766-1600 | manny.mcmiller@faegredrinker.com |
| randall.kahnke@faegredrinker.com | |
| john.ursu@faegredrinker.com | |
| erica.moran@faegredrinker.com | |

                                          /s/ *Anthony M. Stites*
                                          Anthony M. Stites

3038611