UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| 3M COMPANY, et al., ) | |
| ) | |
| Plaintiffs/Counterclaim Defendants, ) | |
| ) | |
| v.    ) | Cause No. 1:21-CV-274-HAB |
| ) | |
| CONTINENTAL DIAMOND TOOL ) | |
| CORP., et al., ) | |
| ) | |
| Defendants/Counterclaimants.   ) | |

**OPINION AND ORDER**

3M believes that Continental Diamond Tool Corp. ("CDT") has been poaching its employees for years to get its hands on 3M's special sauce. This lawsuit alleges as much and has now reached the dispositive motion stage. And although 3M brought the parties' dispute to a public forum, it now wants to hide from the public the facts that prompt that dispute. To that end, it has moved multiple times to seal portions of the summary judgment record. Now before the Court is the second motion to seal portions of Defendants' summary judgment exhibits. (ECF No. 107). That motion is unopposed.

The purpose of this opinion and order is to let the parties know the Court's opinion on whether the redactions proposed by Plaintiffs are legally valid. But because the Court has not yet reviewed the parties' summary judgment briefs—briefing is not yet complete—the Court cannot determine whether the identified exhibits contain "dispositive information[1]" that must be disclosed absent a recognized exception. A final ruling on Plaintiffs' motion to seal, then, will accompany the ruling on the parties' dispositive motions.

---

[1] If the Court does not rely on the identified exhibits in making its ruling on the motions for summary judgment, the exhibits can be sealed regardless of whether they contain otherwise confidential information. *Forest River, Inc. v. inTech Trailers, Inc.*, --- F. Supp. 3d ---, 2023 WL 6958847, at *15 (N.D. Ind. Oct. 20, 2023).

I.  **Factual and Procedural Background**

3M and CDT are competitors in the superabrasives industry. The individual Defendants are former 3M employees who left to join CDT. 3M alleges that the individual Defendants took with them large amounts of confidential information in violation of their employment contracts, as well as state and federal law.

In April, Defendants moved for partial summary judgment. (ECF No. 94). At the same time, they moved to seal their brief and statement of material facts. (ECF No. 95). That two-paragraph motion was denied because it provided no explanation as to why the filings should be sealed. (ECF No. 99).

Plaintiffs then took their shot at sealing Defendants' summary judgment filings. (ECF No. 103). That motion was also denied, the Court finding that Plaintiffs had failed to engage in a "document by document" analysis of the items sought to be sealed. (ECF No. 106).

Plaintiffs are now back for another attempt.[2] Rather than sealing portions of the record—something the Court pointed out the CM/ECF system does not readily permit—they have tendered redacted exhibits they would like to substitute for the unredacted exhibits filed by Defendants. (ECF No. 107-1 through -5). And with the benefit of two orders from the Court, Plaintiffs have finally engaged in a document-by-document analysis of the allegedly sealable items.

II. **Legal Analysis**

There is a presumption that documents filed with the Court, as well as the other information presented to it in connection with a judicial determination, are to be publicly available. *Nixon v. Warner*, 435 U.S. 589, 602 (1978); *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002). Good cause

---

[2] Plaintiffs also request oral argument to address "any questions about 3M's request to seal the below information or its justifications." (ECF No. 107 at 24). The Court has now reviewed three motions to seal covering the same items. The Court declines the invitation for further argument.

2

is needed to seal any portion of the court's record, and the movant bears the burden of proving that such cause exists. *Citizens First Nat'l Bank v. Cincinnati Ins.*, 178 F.3d 943, 945 (7th Cir.1999). Whether to seal is within the Court's discretion. *Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1316 (7th Cir. 1984).

Determining whether there is sufficient cause to seal anything can be made only on a case-by-case basis, after weighing the proffered reasons for secrecy against the competing interests of disclosure and public access. *Nixon*, 435 U.S. at 599. The need for the Court to make that determination cannot be avoided. It should not simply and uncritically accept the assertions of confidentiality but is, instead, "duty-bound . . . to review any request to seal the record (or part of it)." *Citizens First*, 178 F.3d at 945. So the materials submitted in connection with a motion to seal should "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations . . .. Motions that simply assert a conclusion, without the required reasoning, . . . have no prospect of success." *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 548 (7th Cir. 2002).

A.     *The Parties' Contracts do not Support Sealing*

The primary basis for sealing, one repeated often in Plaintiffs' motion, is the parties' employment agreements. Plaintiffs note that both 3M and CDT have lengthy passages in their employment agreements that define wide swaths of information as "confidential" and prevent employees from sharing that information outside the company. To the extent that information considered "confidential" by the employment agreements has been submitted to the Court, Plaintiffs argue that it must be sealed. (*See*, *e.g.*, ECF No. 107 at 14) ("Information relating to 3M's key customer contacts is non-public and falls within the definition of 'Confidential Information' under 3M's employment agreement.").

3

The Court disagrees. "[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement." *Baxter Int'l.*, 297 F.3d at 547. Indeed, "the right judicial response to the initiation of litigation that reveals public information subject to contractual confidentiality is not specific performance of the confidentiality agreement." *Id*. at 548. When a party sues and bases its suit on documents otherwise considered confidential by contract, it cannot expect a court to withhold those documents from public view based on a private agreement.

Indiana law does not change this analysis. Plaintiffs note that the Indiana Uniform Trade Secrets Act, Ind. Code § 24-2-3-1 *et seq.*, allows claims for misappropriation of information protected by contract. (ECF No. 107 at 4) (collecting cases). That point is conceded. Plaintiffs sued Defendants under that statute. (ECF No. 32 at 18-19). But, as noted above, this Court is not in the business of ordering specific enforcement of confidentiality provisions. That Plaintiffs may have a cause of action for breach of contract is different from a legal determination that everything covered by the contract must be kept from public view once that contract is the subject of litigation.

If the items subject to Plaintiffs' motion are to be sealed, it must be because they are sealable under federal law. A blanket prohibition, even if agreed upon by the parties, will not do. So as the Court required Plaintiffs to do, the Court will now examine those items on a document-by-document basis.

**B.**    *ECF No. 96-1*

Plaintiffs point to several portions of this exhibit, which is excerpts from the deposition of 3M's Rule 30(b)(6) witness, Peter Eisenberg ("Eisenberg"), as necessary to seal. The Court will address each in turn.

Plaintiffs first address Exhibit 13 to the deposition, an email chain from June 2021 between Defendant Chad Wesner ("Wesner") and "key contacts" at one of 3M's customers. (ECF No. 96-1

4

at 33-36). Plaintiffs claim that the identities and contact information of these "key contacts" should be redacted from the record. (ECF No. 107 at 13-15). They argue that they "invest[] substantial time and resources" into developing customer contact relationships and detail the efforts they take to keep this information confidential, including limiting access to that information within their own database.

"In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret." *Baxter Int'l.*, 297 F.3d at 546. Key customer contact information has been found to be a protectable trade secret by other courts in this circuit. *See*, *e.g.*, *RKI, Inc. v. Grimes*, 177 F. Supp. 2d 859, 874 (N.D. Ill. 2001). The Court finds that this "key contact" information, including the identities and contact information for these contacts, is sealable.

The Court is not as convinced by Plaintiffs' arguments on the rest of this exhibit. Plaintiffs claim that the exhibit contains "detailed product specifications for a 3M grinding wheel," and that these specifications result from "years of iterative refinement." (ECF No. 107 at 15-16). Maybe, but it's also true that 3M puts out detailed specifications for their grinding wheels to the public. *See*, *e.g.*, https://multimedia.3m.com/mws/media/926868O/3m-metalworking-catalogue.pdf?&fn=3M-Metalworking-Catalog-High-Resolution_R4.pdf. This fact alone weighs against sealing. *Malibu Media, LLC v. Doe*, Case No. 13 C 6312, 2014 WL 2514643, at *6 (N.D. Ill. June 4, 2014). And to the extent the exhibit contains customer-ordered specifications, those would seem to be the trade secrets of the customer, not Plaintiffs. Without the customer contact information, the Court fails to see how a particular customer's needs are protectable.

Plaintiffs' redactions also go too far. Plaintiffs propose to redact virtually everything other than Wesner's contact information and the dates the emails were sent and received. Plaintiffs would redact innocuous items like greetings and other small talk. But "redactions should be done on a word-by-word basis to ensure the minimum amount of redaction necessary to protect the specific words that are subject to being sealed." *CSX Transp., Inc. v. Zayo Grp., LLC*, No. 1:21-cv-2859, 2022 WL 3123322, at *1, n.1 (S.D. Ind. Apr. 27, 2022). Simply affixing giant black boxes to the emails do not achieve this targeted goal.

Finally, Plaintiffs seek to redact testimony from Eisenberg that they describe as "accounting and marketing" information. (ECF No. 107 at 16). But the Court's review of the information shows only testimony from Eisenberg that a certain division within 3M does quarterly sales projections. (ECF No. 96-1 at 24). Those sales projections are not referenced, disclosed, or even discussed. The Court cannot imagine how the unsurprising fact that 3M projects sales could be sealable, and Plaintiffs' motion does not explain it.

In sum, the Court finds that only the key customer contact information from ECF No. 96-1 falls into the narrow categories of information sealable from the public record. Plaintiffs have failed to demonstrate that the remaining portions of that document can, or should, be excluded from public view if they support this Court's ruling on the dispositive motions.

**C.    *ECF No. 96-4***

The next document Plaintiffs seek to seal in part is the deposition of Shane Vardaman. They point to two excerpts, both of which contain 3M vendor pricing information. (ECF No. 96-4 at 12). Pricing information is a well-recognized exception to the general rule against sealing. *KM Enter., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013). And Plaintiffs' proposed redactions are narrowly tailored to protect this information. The Court finds that the pricing

6

information identified in ECF No. 96-4 falls into the narrow categories of information sealable from the public record.

**D.     *ECF No. 96-6***

Plaintiffs next turn to the deposition of Paul Christy, which they argue also contains 3M vendor pricing information. (ECF No. 96-6 at 37). The Court has reviewed the passage and finds that it is the same information contained in the first excerpt sought to be sealed in Vardaman's deposition. For the same reasons stated above, then, the Court finds that the pricing and margin information identified in ECF No. 96-6 falls into the narrow categories of information sealable from the public record.

**E.     *ECF No. 96-7***

Next is the deposition of Wesner. Plaintiffs identify two passages from this deposition as sealable. The first is a discussion of Wesner's contacts at two customers. (ECF No. 96-7 at 5). As discussed in Section II.B. above, key customer contact information is sealable. The same reasoning applies here.

The next passage is a recounting of a conversation between Wesner and his supervisor that took place during a 2020 performance review. (*Id*. at 6). The passage contains gross sales information for a 3M customer, which Plaintiffs claim is protectable "accounting and marketing" information.

The Court does not agree. While "highly sensitive" sales figures may be sealable, "[a] company's gross revenue and market share are. . . not the kind of information that self-evidently poses a risk of unfair competition from one's competitors." *Formax v. Alkar-Rapidpak-MP Equip., Inc.*, No. 11-C-0298, 2014 WL 792086, at *3 (E.D. Wis. Feb. 24, 2014). Plaintiffs do not explain why gross sales information for this customer, information which appears to be from 2018 to 2020,

7

poses a risk to its position in the superabrasives market now. Without more, the Court cannot find a stray reference to a historic sales figure to be protectable.

In sum, the Court finds that only the first passage, discussing Wesner's customer contacts, falls within the narrow categories of information sealable from the public record.

**F.**     ***ECF No. 96-12***

The final document Plaintiffs seek to seal is the deposition of Phil Green, their damages expert. Again, there are several passages from the deposition that Plaintiffs seek to seal, so the Court will address each in turn.

The first is two excerpts where Green discusses attempts by CDT to sell to 3M customers. (ECF No. 96-12 at 8). Plaintiffs claim that these excerpts "discuss specific products and services 3M provided to certain customers" and thus contain "protectable trade secrets." (ECF No. 107 at 20).

Again, the Court cannot agree. The excerpts do not discuss specific products or product specifications. Instead, they reference a general product category—spindles. The Court does not see, and Plaintiffs do not explain, how the fact that CDT tried to sell spindles to two of 3M's former customers constitutes 3M's trade secrets. Even if the spindles were 3M designs, as the excerpts seem to suggest, the discussion is about CDT's commercial activities. Those activities are not something that 3M can seek to protect.

The next excerpts sought to be sealed are Green's discussion of Plaintiffs' claimed damages. (ECF No. 96-12 at 9, 17). Plaintiffs call Green's damage opinions "account and R&D investment information." (ECF No. 107 at 22). But like discussion of general product categories, this information is too general to protect. There is no account or R&D information discussed in the excerpts, only Green's ultimate damage conclusion. With more specifics the testimony might have

8

been sealable, *Nordock Inc. v. Sys. Inc.*, No. 11-C-118, 2012 WL 4760784, at *8 (E.D. Wis. Oct. 5, 2012), but the Court finds no support for the suggestion that Plaintiffs' claimed damages are a protectable secret.

Plaintiffs next point to information relating to customer pricing. (ECF No. 96-12 at 27). As discussed above, that information is sealable.

Finally, Plaintiffs point to two excerpts (ECF No. 96-12 at 28, 32) it describes as "non-public information about 3M's products and sales strategies with respect to particular 3M customers." (ECF No. 107 at 23). The first excerpt is a "customer success story" detailing 3M's successful sales efforts with a Czech company, while the second recounts an email exchange detailing a customer contacting CDT to find a solution where 3M's products were "not there yet."

These excerpts strike the Court as the same kind of generalized, historic sales information discussed in Section II.E. above and in this section. Plaintiffs do not explain how their past efforts, successful or not, affect their current position. Nor does either excerpt reveal any "sales strategy," other than perhaps selling a better product at a lower cost. The Court finds no reason to believe that these matters are sealable.

In sum, the Court finds that the customer pricing information in ECF No. 96-12 at 27 falls within the narrow categories of information sealable from the public record. The remaining instances identified by Plaintiffs do not.

### III. Conclusion

For these reasons, Plaintiffs' motion to seal (ECF No. 107) remains under advisement pending a decision on the parties' dispositive motions. Plaintiffs are ORDERED to provide revised redacted versions of ECF Nos. 96-1, 96-7, and 96-12 to comply with this Opinion and Order on or before July 3, 2024.

SO ORDERED on June 27, 2024.

                                    s/ *Holly A. Brady*  
                                    CHIEF JUDGE HOLLY A. BRADY  
                                    UNITED STATES DISTRICT COURT