**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| 3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY, | |
| Plaintiffs, | |
| v. | CAUSE NO.: 1:21-CV-274-TLS |
| CONTINENTAL DIAMOND TOOL CORP., PAUL CHRISTY, TIMOTHY KEENE, and CHAD WESNER, | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff 3M Company and Defendant Continental Diamond Tool Corp. (CDT) are competitors in the superabrasives industry. The Individual Defendants are former 3M Company employees who now work for CDT. The Plaintiffs (collectively 3M) allege that CDT has been hiring away 3M's employees to obtain 3M's confidential information and trade secrets for CDT's benefit and that Individual Defendants Paul Christy, Timothy Keene, and Chad Wesner participated in those efforts. The Amended Complaint [ECF No. 32] brings claims of tortious interference with contract, misappropriation of trade secrets, unfair competition, and breach of contract. Now before the Court are several motions to seal [ECF Nos. 107, 121, 134, 144, 149-1]. The Court's ruling on the Defendants' Motion for Partial Summary Judgment is being issued separately.

**LEGAL STANDARD**

There is a presumption that documents filed with the court, as well as the other information presented to it in connection with a judicial determination, are to be publicly

available. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978); *Jessup v. Luther*, 277 F.3d 926, 927–28 (7th Cir. 2002). Good cause is needed to seal any portion of the court's record, and the movant bears the burden of proving that such cause exists. *Citizens First Nat'l Bank v. Cincinnati Ins.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Whether to seal is within the court's discretion. *Matter of Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1316 (7th Cir. 1984). Determining whether there is sufficient cause to seal can be made only on a case-by-case basis, after weighing the proffered reasons for secrecy against the competing interests of disclosure and public access. *Nixon*, 435 U.S. at 599. The need for the court to make that determination cannot be avoided. The court should not simply and uncritically accept the assertions of confidentiality but is, instead, "duty-bound . . . to review any request to seal the record (or part of it)." *Citizens First*, 178 F.3d at 945. The materials submitted in connection with a motion to seal should "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations," and "[m]otions that simply assert a conclusion, without the required reasoning, . . . have no prospect of success." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002).

## ANALYSIS

**A.  3M's Unopposed Replacement Motion to File Documents Under Seal [ECF No. 107]**

With their Motion for Partial Summary Judgment [ECF No. 94], the Defendants filed under seal their Brief in Support of their Motion for Partial Summary Judgment [ECF No. 97], their Statement of Material Facts [ECF No. 96], and Exhibits A–L thereto [ECF Nos. 96-1 to 96-12]. In support, they filed a Motion to File Documents Under Seal [ECF No. 95], asserting generally that the filings "include[] confidential financial information" disclosure of which "may cause harm to one or more parties . . . by making otherwise confidential financial information available to others, including competitors." The Court issued an Opinion and Order [ECF No.

2

99] denying the motion because the Defendants failed to "tell the Court what is being submitted or why it is confidential." Plaintiff 3M then filed an Unopposed Motion to File Documents Under Seal [ECF No. 103], seeking to maintain under seal portions of nine of the exhibits and page 14 of the summary judgment brief. The Court issued an Opinion and Order [ECF No. 106] denying the motion because 3M did not engage in the requisite document-by-document analysis.

3M then filed the instant Unopposed Replacement Motion to File Documents Under Seal [ECF No. 107], again reducing the number of redactions and providing a document-by-document analysis. 3M does not ask the Court to maintain under seal any portion of the Defendants' Brief in Support of Motion for Partial Summary Judgment [ECF No. 97], the Defendants' Statement of Material Facts [ECF No. 96], or Exhibits B, C, E, and H–K [ECF Nos. 96-2, 96-3, 96-5, and 96-8 to 96-11]. Rather, 3M only seeks to maintain under seal portions of the Defendants' Exhibit A [ECF No. 96-1], Exhibit D [ECF No. 96-4], Exhibit F [ECF No. 96-6], Exhibit G [ECF No. 96-7], and Exhibit L [ECF No. 96-12], filing, unsealed, redacted Exhibit A [ECF No. 107-1], Exhibit D [ECF No. 107-2], Exhibit F [ECF No. 107-3], Exhibit G [ECF No. 107-4], and Exhibit L [ECF No. 107-5]. In a provisional Opinion and Order [ECF No. 130], the Court indicated which proposed redactions are legally valid but withheld a final ruling until a determination on the materiality of the exhibits to the summary judgment ruling. Shortly thereafter, 3M filed a Notice of 3M's Compliance with June 27, 2024 Order and Supplementation in Support of 3M's Motions to Seal [ECF No. 133] and filed revised redacted Exhibit A [ECF No. 133-1], Exhibit G [ECF No. 133-2], and Exhibit L [ECF No. 133-3]. The Court now finds that the remaining redactions in Exhibits A, D, F, G, and L are not material to the Court's summary judgment ruling and remain under seal without further analysis. *See Forest River, Inc. v. inTech Trailers, Inc.*,

699 F. Supp. 3d 712, 738 (N.D. Ind. 2023) (granting, without substantive analysis, a request to

seal exhibits the court did not rely on it is summary judgment ruling).

Accordingly, the Court grants in part and denies in part the Unopposed Replacement

Motion to File Documents Under Seal [ECF No. 107]. The Court will direct the Clerk of Court

to maintain under seal: Ex. A [ECF No. 96-1], Ex. D [ECF No. 96-4], Ex. F [ECF No. 96-6], Ex.

G [ECF No. 96-7], and Ex. L [ECF No. 96-12]. The Court will direct the Clerk of Court to

unseal: Defendants' Statement of Material Facts [ECF No. 96]; Ex. B [ECF No. 96-2]; Ex. C

[ECF No. 96-3]; Ex. E [ECF No. 96-5]; Ex. H [ECF No. 96-8]; Ex. I [ECF No. 96-9]; Ex. J [ECF

No. 96-10]; Ex. K [ECF No. 96-11]; and Defendants' Brief in Support of Motion for Partial

Summary Judgment [ECF No. 97].

**B.    3M's Unopposed Motion to File Documents Supporting Summary Judgment Under Seal [ECF No. 121] and 3M's Supplemental Motion to File Documents Supporting Summary Judgment Under Seal [ECF No. 134]**

3M filed under seal 138 exhibits [ECF Nos. 113-1 to 113-11, 114 to 114-12, 115 to 115-

15, 116 to 116-24, 117 to 117-14, 118 to 118-18, 119 to 119-18, and 120 to 120-18] in support of

its Brief in Opposition to Defendants' Motion for Partial Summary Judgment [ECF No. 111] and

its Response to Statement of Material Facts and Additional Facts [ECF No. 112].

In the instant Unopposed Motion to File Documents Supporting Summary Judgment

Under Seal ("Motion to Seal") [ECF No. 121], 3M asks the Court to maintain under seal the

unredacted version of the following filings because they contain confidential business and

financial information: (1) 3M's Brief in Opposition to Defendants' Motion for Partial Summary

Judgment [ECF No. 111], (2) 3M's Response to Statement of Material Facts and Additional

Facts [ECF No. 112], (3) the Declaration of James McGinnis [ECF No. 111-1], and (4) sixty-six

of the 138 exhibits, namely Exhibits 1, 2, 3, 6, 8, 12, 14, 15, 16, 17a, 17b, 17c, 18, 19, 21, 23, 24,

31, 33, 34, 35, 36, 37, 38, 40, 44, 54, 69, 79, 81, 82, 85, 87, 88, 89, 90, 91, 93, 94, 95, 96, 97, 99, 100, 102, 103, 106, 108, 109, 113, 114, 115, 118, 119, 120, 121, 122, 123a, 124, 126, 129, 130, 131, 136, 137, 138. *See* ECF No. 121, pp. 1–4.

In support of the Motion to Seal, 3M attached the unsealed Declaration of James McGinnis [ECF No. 121-1] as well as unsealed copies of thirty-five of its summary judgment response exhibits [ECF Nos. 121-5 to 121-39], some of which are redacted. These exhibits are identified in the "Description" list in the "Document Selection Menu" to ECF No. 121 as Ex. 2 (redacted) [ECF No. 121-5], Ex. 3 (redacted) [ECF No. 121-6], Ex. 4 [ECF No. 121-7], Ex. 5 [ECF No. 121-8], Ex. 10 [ECF No. 121-9], Ex. 26 [ECF No. 121-10], Ex. 30 [ECF No. 121-11], Ex. 39 [ECF No. 121-12], Ex. 41 [ECF No. 121-13], Ex. 43 [ECF No. 121-14], Ex. 44 (redacted) [ECF No. 121-15], Ex. 55 [ECF No. 121-16], Ex. 56 [ECF No. 121-17], Ex. 58 [ECF No. 121-18], Ex. 61 [ECF No. 121-19], Ex. 70 [ECF No. 121-20], Ex. 71 [ECF No. 121-21], Ex. 73 [ECF No. 121-22], Ex. 76 [ECF No. 121-23], Ex. 78 [ECF No. 121-24], Ex. 81 (redacted) [ECF No. 121-25], Ex. 83 [ECF No. 121-26], Ex. 86 [ECF No. 121-27], Ex. 92 [ECF No. 121-28], Ex. 103 (redacted) [ECF No. 121-29], Ex. 113 (redacted) [ECF No. 121-30], Ex. 114 (redacted) [ECF No. 121-31], Ex. 119 (redacted) [ECF No. 121-32], Ex. 123a [ECF No. 121-33], Ex. 126 (redacted) [ECF No. 121-34], Ex. 130 (redacted) [ECF No. 121-35], Ex. 131 (redacted) [ECF No. 121-36], Ex. 132 [ECF No. 121-37], Ex. 133 [ECF No. 121-38], Ex. 136 (redacted) [ECF No. 121-39].

Also, in support of the Motion to Seal, 3M filed under seal redacted copies of ninety-two of its summary judgment response exhibits [ECF Nos. 122 to 122-16, 123 to 123-28, 124 to 124-45], a redacted Brief in Opposition to Defendants' Motion for Partial Summary Judgment [ECF No. 125], and a redacted Response to Statement of Material Facts and Additional Facts [ECF No.

5

128]. And 3M filed unsealed a redacted Declaration of James McGinnis [ECF No. 126] and the Declaration of Peter Eisenberg with no redactions [ECF No. 127].

Subsequently, 3M discovered clerical errors within some of the exhibits throughout ECF Nos. 113 to 120-18 filed in support of its Brief in Opposition to Defendants' Motion for Partial Summary Judgment as well some of the exhibits throughout ECF Nos. 122 to 124-45 filed in support of its Motion to Seal. *See* ECF Nos. 133, 134. Some exhibits were not filed, and others contained incorrect excerpts or redaction errors. *Id.* Thus, 3M filed the instant Supplemental Motion to File Documents Supporting Summary Judgment Under Seal ("Supplemental Motion to Seal") [ECF No. 134], identifying the errors and refiling the exhibits or filing them for the first time. 3M filed an Amended Exhibit List [ECF No. 135] with cross-references to the new filings.

For the exhibits in support of the Brief in Opposition to Defendants' Motion for Partial Summary Judgment [ECF Nos. 111/125], 3M filed the following replacement exhibits under seal: Ex. 3 [ECF No. 135-1], Ex. 7 [ECF No. 135-2], Ex. 8 [ECF No. 135-3], Ex. 17 [ECF No. 135-4], Ex. 24 [ECF No. 135-5], Ex. 25 [ECF No. 135-6], Ex. 27 [ECF No. 135-7], Ex. 31 [ECF No. 135-8], Ex. 33 [ECF No. 135-9], Ex. 35 [ECF No. 135-10], Ex. 40 [ECF No. 135-11], Ex. 50 [ECF No. 134-3], Ex. 51 [ECF No. 134-4], Ex. 68 [ECF No. 135-12], Ex. 72 [ECF No. 135-13], Ex. 82 [ECF No. 135-14], Ex. 98 [ECF No. 135-15], Ex. 110 [ECF No. 135-16], Ex. 111 [ECF No. 135-17], and Ex. 118 [ECF No. 135-18]. *See* ECF No. 134, p. 2 (cross-referencing the original or missing exhibits and the new exhibits, but incorrectly identifying Exhibits 50 and 51 as refiled at 136-3 and 136-4).

For the exhibits in support of the Motion to Seal [ECF No. 121], 3M filed the following replacement or missing redacted exhibits under seal: Ex. 8 [ECF No. 136], Ex. 11 [ECF No. 136-1], Ex. 15 [ECF No. 136-2], Ex. 16 [ECF No. 136-3], Ex. 17 [ECF No. 136-4], Ex. 20 [ECF No.

136-5], Ex. 21 [ECF No. 136-6], redacted Ex. 23 (originally omitted) [ECF No. 136-7], Ex. 24 [ECF No. 136-8], Ex. 25 [ECF No. 136-9], Ex. 27 [ECF No. 136-10], Ex. 31 [ECF No. 136-11], Ex. 32 [ECF No. 136-12], Ex. 35 [ECF No. 136-13], Ex. 38 [ECF No. 136-14], Ex. 68 [ECF No. 136-23], Ex. 82 [ECF No. 136-15], Ex. 85 [ECF No. 136-16], Ex. 91 [ECF No. 136-17], Ex. 108 [ECF No. 136-18], Ex. 112 [ECF No. 136-19], Ex. 115 [ECF No. 136-20], Ex. 121 [ECF No. 136-21], and Ex. 123a [ECF No. 136-22]. *See* ECF No. 134, pp. 3–4 (cross-referencing the original or missing exhibits and the new exhibits).

For some identified documents, 3M is not seeking to seal any information but has filed the documents under seal to allow the Defendants an opportunity to object. The Defendants did not respond to the motions to seal.

The Court turns to the relief requested in the Motion to Seal [ECF No. 121] and the Supplemental Motion to Seal [ECF No. 134] and makes the following rulings.

1. *Original Exhibits Filed in Error—Maintain Under Seal*

There is no objection to 3M's request in the Supplemental Motion to Seal to maintain under seal the exhibits that were filed in error and that have been replaced. *See* ECF No. 134, pp. 4 n.1, 13. Accordingly, the Court grants the request and will direct the Clerk of Court to maintain under seal the following docket entries filed in error: ECF Nos. 113-3, 113-7, 113-8, 114-5, 114-12, 115, 115-2, 115-6, 115-8, 115-10, 115-15, 116-9, 116-10, 117-2,[1] 117-6, 118-16, 119-9, 119-10, 119-17, 122-4, 122-8, 122-9, 122-10, 122-13, 122-14, 123, 123-1, 123-4, 123-26, 124-6, 124-11, 124-24, 124-28, 124-29, 124-34. *Id.*

---

[1] The Supplemental Motion to Seal initially lists Exhibit 68 at ECF No. 117-2 but later incorrectly lists Exhibit 68 at ECF No. 117-3. *Compare* ECF No. 134, p. 2, *with* ECF No. 134, p. 4 n.1, 13. Likewise, the Amended Exhibit List incorrectly identifies Exhibit 68 as originally filed at No. 117-3. ECF No. 135, p. 4.

2.    *Request to Unseal in Original Motion to Seal [ECF No. 121]*

3M filed under seal certain defense-produced information designated as confidential under the discovery protective order but that 3M does not seek to maintain under seal on the instant motion for summary judgment. In the original Motion to Seal, 3M represents that, if the Defendants do not object, the documents can be unsealed. ECF No. 121, pp. 158–161 (listing exhibits to be unsealed).[2] The Defendants did not file an objection. However, several exhibits are not relied on by the Court in its summary judgment ruling and, thus, will remain under seal. Accordingly, the Court grants in part and denies in part the request as follows:

(a) The Court orders that the following exhibits not relied on by the Court in the summary judgment ruling remain under seal: Ex. 11 [ECF No. 113-11], Ex. 13 [ECF No. 114-1], Ex. 20 [ECF No. 114-8], Ex. 28 [ECF No. 115-3], Ex. 42 [ECF No. 116-1], Ex. 46 [ECF No. 116-5], Ex. 48 [ECF No. 116-7], Ex. 49 [ECF No. 116-8], Ex. 50 [ECF No. 134-3], Ex. 51 [ECF No. 134-4], Ex. 59 [ECF No. 116-18], Ex. 62 [ECF No. 116-21], Ex. 63 [ECF No. 116-22], Ex. 64 [ECF No. 116-23], Ex. 74 [ECF No. 117-8], Ex. 75 [ECF No. 117-9], Ex. 77 [ECF No. 117-11], Ex. 84 [ECF No. 118-2], Ex. 105 [ECF No. 119-4], Ex. 134 [ECF No. 120-14], Ex. 135 [ECF No. 120-15].

(b) The Court will direct the Clerk of Court to unseal the following exhibits filed in support of the response to summary judgment and relied on by the Court in its ruling: Ex. 32 [ECF No. 115-7], Ex. 45 [ECF No. 116-4], Ex. 47 [ECF No. 116-6], Ex. 52 [ECF No. 116-11], Ex. 53 [ECF No. 116-12], Ex. 57 [ECF No. 116-16], Ex. 60 [ECF No. 116-19], Ex. 65 [ECF No. 116-24], Ex. 66 [ECF No. 117], Ex. 67 [ECF No. 117-1], Ex. 80 [ECF No. 117-14], Ex. 101

---

[2] The following refiled exhibits will be addressed in the context of the Supplemental Motion to Seal [ECF No. 134] below: Ex. 7 [ECF No. 135-2], Ex. 25 [ECF No. 135-6], Ex. 68 [ECF No. 135-12], Ex. 72 [ECF No. 135-13], Ex. 98 [ECF No. 135-15], Ex. 110 [ECF No. 135-16], and Ex. 111 [ECF No. 135-17].

[ECF No. 119], Ex. 104 [ECF No. 119-3], Ex. 112 [ECF No. 119-11], Ex. 116 [ECF No. 119-15], Ex. 117 [ECF No. 119-16], and Ex. 133 [ECF No. 120-13].[3]

3.      *Request to Unseal in Supplemental Motion to Seal [ECF No. 134]*

In the Supplemental Motion to Seal, 3M represents that, if the Defendants do not object, certain documents 3M filed under seal as a precaution can now be unsealed. ECF No. 134, p. 4. The Defendants did not file an objection. However, several exhibits are not relied on by the Court in its summary judgment ruling and, thus, will remain under seal. *See Forest River, Inc.*, 699 F. Supp. 3d at 738. Accordingly, the Court grants in part and denies in part the request as follows:

(a) The Court orders that the following exhibits not relied on by the Court in the summary judgment ruling remain under seal: Ex. 7 [ECF No. 122-2], Ex. 13 [ECF No. 122-6], Redacted Ex. 14 [ECF No. 122-7], Ex. 28 [ECF No. 122-15], Ex. 29 [ECF No. 122-16], Redacted Ex. 40 [ECF No. 123-7], Ex. 42 [ECF No. 123-8], Ex. 46 [ECF No. 123-10], Ex. 48 [ECF No. 123-12], Ex. 49 [ECF No. 123-13], Ex. 59 [ECF No. 123-18], Ex. 62 [ECF No. 123-20], Ex. 63 [ECF No. 123-21], Ex. 64 [ECF No. 123-22], Ex. 69 [ECF No. 123-27], Redacted Ex. 72 [ECF No. 123-28], Ex. 74 [ECF No. 124], Ex. 75 [ECF No. 124-1], Ex. 77 [ECF No. 124-2], Redacted Ex. 84 [ECF No. 124-5], Redacted Ex. 90 [ECF No. 124-10], Ex. 105 [ECF No. 124-21], Ex. 110 [ECF No. 124-26], Ex. 125 [ECF No. 124-38], Ex. 134 [ECF No. 124-42], Ex. 135 [ECF No. 124-43], Redacted Ex. 138 [ECF No. 124-45], Redacted Ex. 8 [ECF No. 136], Ex. 11 [ECF No. 136-1],

---

[3] The last two entries on the list are: "ECF 102-13[sic] (Exhibit 134)" and "ECF 120-14 (Exhibit 135)." ECF No. 121, p. 161. However, ECF No. 120-13 is Exhibit 133, ECF No. 120-14 is Exhibit 134, and ECF No. 120-15 is Exhibit 135. Because 3M offers no basis for keeping Exhibit 133 under seal, the Defendants did not respond, and 3M filed an unsealed copy of Exhibit 133 at ECF No. 134-6, the Court orders ECF No. 120-13 unsealed. However, the Court does not rely on Exhibits 134 and 135, so they remain sealed. Also, 3M includes Exhibit 123b [ECF No. 120-3 (mislabeled in the motion as ECF No. 120-2)] on the list of exhibits to unseal, *see* ECF No. 121, p. 161, but the Court finds it should remain under seal as set forth below in Part B(4)(a)(ii).

Redacted Ex. 15 [ECF No. 136-2], Redacted Ex. 16 [ECF No. 136-3], Redacted Ex. 17 [ECF No. 136-4], Redacted Ex. 31 [ECF No. 136-11], Ex. 38 [ECF No. 136-14], Redacted Ex. 82 [ECF No. 136-15], Redacted Ex. 85 [ECF No. 136-16].

(b) The Court will direct the Clerk of Court to unseal the following exhibits filed with the Motion to Seal and relied on by the Court in its summary judgment ruling: Redacted Ex. 1 [ECF No. 122], Redacted Ex. 6 [ECF No. 122-1], Ex. 9 [ECF No. 122-3], Redacted Ex. 12 [ECF No. 122-5], Redacted Ex. 18 [ECF No. 122-11], Redacted Ex. 19 [ECF No. 122-12], Redacted Ex. 33 [ECF No. 123-2], Redacted Ex. 34 [ECF No. 123-3], Redacted Ex. 36 [ECF No. 123-5], Redacted Ex. 37 [ECF No. 123-6], Ex. 45 [ECF No. 123-9], Ex. 47 [ECF No. 123-11], Ex. 52 [ECF No. 123-14], Ex. 53 [ECF No. 123-15], Redacted Ex. 54 [ECF No. 123-16], Ex. 57 [ECF No. 123-17], Ex. 60 [ECF No. 123-19], Ex. 65 [ECF No. 123-23], Ex. 66 [ECF No. 123-24], Ex. 67 [ECF No. 123-25], Redacted Ex. 79 [ECF No. 124-3], Ex. 80 [ECF No. 124-4], Redacted Ex. 87 [ECF No. 124-7], Ex. 88 [ECF No. 124-8], Redacted Ex. 89 [ECF No. 124-9], Redacted Ex. 93 [ECF No. 124-12], Redacted Ex. 95 [ECF No. 124-13], Redacted Ex. 97 [ECF No. 124-14], Ex. 98 [ECF No. 124-15], Redacted Ex. 99 [ECF No. 124-16], Redacted Ex. 100 [ECF No. 124-17], Redacted Ex. 101 [ECF No. 124-18], Redacted Ex. 102 [ECF No. 124-19], Ex. 104 [ECF No. 124-20], Redacted Ex. 106 [ECF No. 124-22], Ex. 107 [ECF No. 124-23], Ex. 109 [ECF No. 124-25], Ex. 111 [ECF No. 124-27], Ex. 116 [ECF No. 124-30], Ex. 117 [ECF No. 124-31], Redacted Ex. 118 [ECF No. 124-32], Redacted Ex. 120 [ECF No. 124-33], Redacted Ex. 122 [ECF No. 124-35], Redacted Ex. 124 [ECF No. 124-37], Ex. 127 [ECF No. 124-39], Ex. 128 [ECF No. 124-40], Redacted Ex. 129 [ECF No. 124-41], Redacted Ex. 137 [ECF No. 124-44], Redacted Ex. 20 [ECF No. 136-5], Redacted Ex. 21 [ECF No. 136-6], Redacted Ex. 23 [ECF No. 136-7], Redacted Ex. 24 [ECF No. 136-8], Ex. 25 [ECF No. 136-9], Redacted Ex. 27 [ECF No.

136-10], Ex. 32 [ECF No. 136-12], Redacted Ex. 35 [ECF No. 136-13], Redacted Ex. 91 [ECF

No. 136-17], Redacted Ex. 108 [ECF No. 136-18], Ex. 112 [ECF No. 136-19], Redacted Ex. 115

[ECF No. 136-20], Redacted Ex. 121 [ECF No. 136-21], and Redacted Ex. 123a [ECF No. 136-

22].[4]

4.      *Requests to Seal in the Motion to Seal [ECF No. 121] and Supplemental Motion to Seal*
        *[ECF No. 134]*

        In both the Motion to Seal [ECF No. 121] and the Supplemental Motion to Seal [ECF No.

134], 3M asks the Court to maintain under seal at this stage of the litigation excerpts of exhibits

and briefs containing confidential or trade secret information. "Secrecy is fine at the discovery

stage, before the material enters the judicial record," but documents "that influence or underpin

the judicial decision are open to public inspection unless they meet the definition of trade secrets

or other categories of bona fide long-term confidentiality." *Baxter*, 297 F.3d at 545; *see* 18

U.S.C. § 1835(a) ("[T]he court shall enter such orders and take such other action as may be

necessary and appropriate to preserve the confidentiality of trade secrets."). The Court need not

make a merits determination on whether the information is a trade secret to grant a narrowly

tailored motion to seal at this stage of the litigation. *See Bodemer v. Swanel Beverage, Inc.*, 884

F. Supp. 2d 717, 739–40 (N.D. Ind. 2012) (quoting *United States v. Foster*, 564 F.3d 852, 853

(7th Cir. 2009)). Indiana law also allows for the protection of confidential information by

contract. *See HDNet LLC v. N. Am. Boxing Council*, 972 N.E.2d 920, 925 (Ind. Ct. App. 2012);

Ind. Code ¶ 24-2-3-1(c) ("[The Indiana Uniform Trade Secrets Act] displaces all conflicting law

of this state pertaining to the misappropriation of trade secrets, except contract law and criminal

law."). As explained in the summary judgment ruling, 3M's employee agreements protect

---

[4] 3M indicates that Exhibit 123b [ECF No. 124-36] can be unsealed, but the Court finds it should remain
under seal as explained below in Part B(4)(a)(ii).

confidential information, which is defined more broadly than information protected as a trade secret.

Technical drawings may be protectable confidential information and/or trade secrets. *See Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*, 925 F.2d 174, 175–77 (7th Cir. 1991) (finding that piece part drawings could be trade secrets for purposes of RICO litigation). Confidential information about product designs and specifications may be confidential and/or trade secret information for which there may good cause to maintain the information under seal. *See, e.g.*, *In re Eli Lilly & Co., Prozac Prod. Liab. Litig.*, 142 F.R.D. 454, 460 (S.D. Ind. 1992); *E.T. Prods., LLC v. D.E. Miller Holdings, Inc.*, No. 2:13-CV-424, 2014 WL 5334685, at *2–4 (N.D. Ind. Oct. 20, 2014). Confidential information about testing and validation processes and results may be protectable confidential and/or trade secret information for which there may be good cause to maintain under seal. *United States v. Xiaorong You*, No. 2:19-CR-14, 2021 WL 1539579, at *2 (E.D. Tenn. Apr. 19, 2021). Pricing information is a recognized exception to the general rule against sealing. *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013); *see* ECF No. 130, p. 6.

Key customer contact information has been found to be a protectable trade secret by other courts in this circuit, including the identities and contact information for customers. *See, e.g.*, *Credentials Plus, LLC v. Calderone*, 230 F. Supp. 2d 890, 902 (N.D. Ind. 2002) (citing *Hydraulic Exch. & Repair, Inc. v. KM Specialty Pumps, Inc.*, 690 N.E.2d 782, 786 (Ind. Ct. App. 1998)); *RKI, Inc. v. Grimes*, 177 F. Supp. 2d 859, 874 (N.D. Ill. 2001); *see* ECF No. 130, p. 5. The Court finds that this protection may extend to contractor information and Original Equipment Manufacturer (OEM) and sales representative information, such as how they are used in testing and validation, design, and development and the customers they work with. And

forward-looking business plans and forecasts containing, for example, strategic plans and marketing and commercialization efforts may be protectable. *Badger Daylighting Corp. v. Palmer*, No. 1:19-CV-2106, 2019 WL 4572798, at *9 (S.D. Ind. Sept. 20, 2019) (citing *AL-KO Axis, Inc. v. Revelino*, No. 3:13-CV-1002, 2013 WL 12309288, at *15 (N.D. Ind. Oct. 25, 2013)).

(a)    Motion to Seal [ECF No. 121]

In its Motion to Seal [ECF No. 121], 3M argues that sixty-six of the 138 exhibits offered in response to summary judgment should be maintained under seal and provides a document-by-document analysis for each. Twelve of the exhibits (Exs. 3, 8, 17a, 17b, 17c, 24, 31, 33, 35, 40, 82, 118) were refiled at docket entry 135 and will be addressed in the context of the Supplemental Motion to Seal.

(i) The following fourteen exhibits were not relied on by the Court in the summary judgment ruling and thus remain under seal without further analysis: Ex. 2 [ECF No. 113-2]; Ex. 14 [ECF No. 114-2], Ex. 15 [ECF No. 114-3], Ex. 16 [ECF No. 114-4], Ex. 18 [ECF No. 114-6]; Ex. 19 [ECF No. 114-7]; Ex. 21 [ECF No. 114-9]; Ex. 38 [ECF No. 115-13]; Ex. 44 [ECF No. 116-3]; Ex. 69 [ECF No. 117-3]; Ex. 81 [ECF No. 118]; Ex. 85 [ECF No. 118-3];[5] Ex. 90 [ECF No. 118-8]; Ex. 138 [ECF No. 120-18 (mislabeled in motion as ECF No. 120-17)]. *See Forest River, Inc.*, 699 F. Supp. 3d at 738.

(ii) The Court considers the remaining forty exhibits from the original Motion to Seal.

Exhibit 1 [ECF No. 113-1] is the report of 3M's expert Philip Green, on which the Court largely does not rely in ruling on summary judgment. Thus, the sealed portions properly remain

---

[5] The single email in Exhibit 85 is already filed within the larger Exhibit 35. The Court notes that the redacted Exhibit 85 at ECF No. 124-6, p. 2 includes a redaction not made in the same email within redacted Exhibit 35 at ECF No. 136-13, p. 8, on which the Court relies in the summary judgment ruling.

under seal. *See Forest River, Inc.*, 699 F. Supp. 3d at 738. 3M filed an appropriately redacted Exhibit 1 at ECF No. 122.

Exhibit 6 [ECF No. 113-6] is 120 pages of documents from Keene's basement, only two of which the Court relies on its summary judgment ruling. Those two pages contain 3M's past forward-looking business plans and forecasts for the superabrasives business that, although are from 2018, could still reveal 3M strategies that are properly under seal at this stage of the litigation. The remaining pages remain under seal as not material to the summary judgment ruling. *See Forest River, Inc.*, 699 F. Supp. 3d at 738. 3M filed an appropriately redacted Exhibit 16 at ECF No. 122-1.

Exhibit 12 [ECF No. 114] is 126 pages of emails containing 3M information Christy sent to his personal email account. The limited redactions include 3M superabrasive key customer information, product designs and specifications, technical drawings, forward-looking business plans and forecasts, and testing and validation processes and results, which are properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 12 at ECF No. 122-5.

Exhibit 23 [ECF No. 114-11] contains communications between Wesner and 3M customers that include 3M superabrasive key customer information and pricing information, which are properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 23 at ECF No. 136-7.

Exhibit 34 [ECF No. 115-9] contains communications with a particular 3M customer that have 3M superabrasive key customer information and pricing information properly kept under seal. It also contains a 3M superabrasive technical drawing that will remain under seal at this stage of the litigation while the trade secret determination has not yet been made. Similar CDT

key customer information is contained in the CDT bates stamped pages. It is proper to seal these specific items, and 3M provided an appropriately redacted Exhibit 34 at ECF No. 123-3.

Exhibit 36 [ECF No. 115-11] is communications between Christy and a customer containing 3M superabrasive key customer information that is properly sealed with the exception of the references to "PW," "PWA E.Hartford," "Pratt and Whitney" on page 2 in the May and July 2021 emails. 3M has openly placed Pratt and Whitney as a former customer of Christy's at issue in this litigation, *see* Resp. SOF ¶ 70, ECF Nos. 112/128; SOAF ¶ 248, ECF Nos. 112/128, and the Court finds that these general references to Pratt and Whitney are not properly maintained under seal. 3M filed a redacted Exhibit 36 at ECF No. 123-5. The Court will order 3M to file a revised redacted version of Exhibit 36 consistent with this ruling.

Exhibit 37 [ECF No. 115-12] contains communications between Christy and a 3M customer relating to 3M superabrasive contractor information that is properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 37 at ECF No. 123-6.

Exhibit 54 [ECF No. 116-13] is a text message with financial information about 3M's acquisition of Wendt. The financial information is not material to the Court's opinion and remains under seal. But the remaining facts of the sale and the dates are relevant and should not be sealed. 3M filed a redacted Exhibit 54 at ECF No. 123-16 that redacts all the text of the email. The Court will order 3M to file a revised redacted version of Exhibit 54 that seals only the financial information.

Exhibit 79 [ECF No. 117-13] is text messages between CDT employees that contains 3M superabrasive key customer information and pricing information that is properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 79 at ECF No. 124-3.

Exhibit 87 [ECF No. 118-5], Exhibit 88 [ECF No. 118-6], and Exhibit 89 [ECF No. 118-7] are emails from Vardaman to Keene shortly after Keene joined CDT that contain 3M superabrasive product designs and specifications properly maintained under seal at this stage of the litigation. 3M filed an appropriately redacted Exhibit 87 [ECF No. 124-7], Exhibit 88 [ECF No. 124-8], and Exhibit 89 [ECF No. 124-9].

Exhibit 91 [ECF No. 118-9] contains a communication between CDT personnel and 3M customers that includes 3M superabrasive key customer information properly maintained under seal at this stage of the litigation. The third page of the exhibit is a superabrasive technical drawing. In the summary judgment ruling, the Court finds that 3M has not raised a genuine dispute of fact that this drawing is in fact a 3M drawing; as a result, the claim based on that drawing does not survive summary judgment. However, because the drawing may nevertheless be a trade secret and because it will not be at issue in this litigation, the Court orders that it remain under seal. 3M filed an appropriately redacted Exhibit 91 at ECF No. 136-17.

Exhibit 93 [ECF No 118-11] contains a 3M superabrasive technical drawing and contractor information that are properly under seal at this stage of the litigation. 3M filed an appropriately redacted Exhibit 93 at ECF No. 124-12.

Exhibit 94 [ECF No. 118-12] is a 3M technical drawing that the Court did not rely on in the summary judgment ruling. Both because it is a 3M technical drawing and because the Court did not rely on it, Exhibit 94 remains under seal.

Exhibit 95 [ECF No. 118-13] is a CDT superabrasive technical drawing marked as propriety and confidential and properly maintained under seal at this stage of the litigation because 3M alleges that CDT misappropriated a 3M drawing to produce this CDT drawing. 3M filed an appropriately redacted Exhibit 95 at ECF No. 124-13.

16

Exhibit 96 [ECF No. 118-14] is an email conversation with a product recommendation for a particular application that contains information relating to 3M superabrasive product designs and specifications and key customer information that is properly maintained under seal. However, because 3M did not provide a redacted version, the Court will order 3M to file a redacted version of Exhibit 96, leaving unsealed the email header, non-confidential body text, and other non-confidential information.

Exhibit 97 [ECF No. 118-15] is an email conversation between Christy and a 3M customer/contractor containing 3M superabrasive OEM and sales representative information that is properly under seal at this stage of the litigation. 3M filed an appropriately redacted Exhibit 97 at ECF No. 124-14.

Exhibit 99 [ECF No. 118-17] contains CDT superabrasive product designs and specifications, including the Series 2 Cantilever Style Rotary Dresser Spindle that 3M alleges CDT copied from a 3M technical drawing. The Court finds that the reference to the Series 2 Cantilever Style Rotary Dresser Spindle, which is at issue on summary judgment, is not protectable. 3M filed a redacted Exhibit 99 at ECF No. 124-16. The Court will order 3M to file a revised redacted Exhibit 99 unsealing the words "Line Item 1," "Series 2 Cantilever Style Rotary Dresser Spindle," "Line Item 2A," "Line Item 2B," "Line Item 3," "Line Item 4," and the word "Description" under each "Line Item" title.

Exhibit 100 [ECF No. 118-18] is an email containing CDT superabrasive key customer information and product designs and specifications that 3M asserts CDT misappropriated from 3M, which are properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 100 at ECF No. 124-17.

Exhibit 102 [ECF No. 119-1] includes CDT superabrasive technical drawings that 3M alleges CDT misappropriated from 3M. This information is properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 102 at ECF No. 124-19.

Exhibit 103 [ECF No. 119-2] contains emails about a customer opportunity relating to 3M superabrasive OEM and sales representative information, which are confidential information under 3M's employee agreement. It also contains 3M key customer information and product designs and specifications. This information is properly sealed at this stage of the litigation, and 3M filed an appropriately redacted Exhibit 103 at ECF No. 121-29.

Exhibit 106 [ECF No. 119-5] is an email that contains a customer's technical drawing labeled as proprietary, which is properly under seal at this stage of the litigation. 3M filed an appropriately redacted Exhibit 106 at ECF No. 124-22.

Exhibit 108 [ECF No. 119-7] contains communications that include 3M superabrasive testing and validation processes, key customer information, and technical drawings that are properly under seal at this stage of the litigation. 3M filed an appropriately redacted Exhibit 108 at ECF No. 136-18.

Exhibit 109 [ECF No. 119-8] contains 3M superabrasive key customer information that is properly under seal at this stage of the litigation. 3M filed an appropriately redacted Exhibit 109 at ECF No. 124-25.

Exhibit 113 [ECF No. 119-12] includes what appears to be a customer's technical drawing. Although the drawing is not labeled as confidential, because the drawing itself is not material to the Court's decision, it remains under seal. The email also contains information about 3M superabrasive contractors that is properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 113 at ECF No. 121-30.

Exhibit 114 [ECF No. 119-13] includes an email from when Christy was at 3M that contains 3M superabrasive testing and validation processes and results as well as contractor information that are properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 114 at ECF No. 121-31.

Exhibit 115 [ECF No. 119-14] includes emails that contain 3M superabrasive contractor information, OEM and sales representative information, and technical drawings that are properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 115 at ECF No. 136-20.

Exhibit 119 [ECF No. 119-18] includes 3M superabrasive key customer information that is properly maintained under seal at this stage of the litigation. 3M filed an appropriately redacted Exhibit 119 at ECF No. 121-32.

Exhibit 120 [ECF No. 119-19] includes 3M superabrasive key customer information and technical drawings that are properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 120 at ECF No. 124-33.

Exhibit 121 [ECF No. 120] includes email exchanges that contain 3M superabrasive key customer information and pricing information that are properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 121 at ECF No. 136-21.

Exhibit 122 [ECF No. 120-1] is an email conversation that contains information related to 3M superabrasive OEM and sales representative information and customer information that are properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 122 at ECF No. 124-35.

Exhibit 123a [ECF No. 120-2] is a sales representative agreement containing 3M superabrasive OEM and sales representative information that is confidential information under

19

the 3M employee agreement. It also contains 3M superabrasive key customer information. This information is properly sealed at this stage of the litigation, and 3M filed an appropriately redacted Exhibit 123a at ECF No. 136-22. It appears that 3M initially attempted to file a redacted version of Exhibit 123a at ECF No. 121-33; however, there are no redactions. Accordingly, the Court will direct the Clerk of Court to seal ECF No. 121-33.

The Court sua sponte finds that Exhibit 123b, at ECF Nos. 120-3 and 124-36, which is a similar CDT sales representative agreement containing information relating to CDT superabrasive OEM and sales representative information as well as key customer information that should remain sealed at this stage of the litigation. The Court will order 3M to file an unsealed, redacted Exhibit 123b comparable to the redacted version of Exhibit 123a at ECF No. 136-22.

Exhibit 124 [ECF No. 120-4 (mislabeled in the motion as ECF No. 120-3)] contains 3M superabrasive key customer information and pricing information that is properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 124 at ECF No. 124-37.

Exhibit 126 [ECF No. 120-6 (mislabeled in the motion as ECF No. 120-5)] contains product information for a particular customer as well as 3M superabrasive technical drawings and product designs and specifications, all of which are properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 126 at ECF No. 121-34.

Exhibit 129 [ECF No. 120-9 (mislabeled in the motion as ECF No. 120-8)] contains information 3M seeks to redact on which the Court does not rely in ruling on summary judgment. Thus, the redacted portions remain under seal. *See Forest River, Inc.*, 699 F. Supp. 3d at 738. 3M filed an appropriately redacted Exhibit 129 at ECF No. 124-41.

Exhibit 130 [ECF No. 120-10 (mislabeled in the motion as ECF No. 120-9)] contains 3M superabrasive technical drawings that are properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 130 at ECF No. 121-35.

Exhibit 131 [ECF No. 120-11 (mislabeled in the motion as ECF No. 120-10)] contains 3M superabrasive contractor information that is confidential information under 3M's employment agreement, which is properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 131 at ECF No. 121-36.

Exhibit 136 [ECF No. 120-16 (mislabeled in the motion as ECF No. 120-15)] contains a 3M superabrasive technical drawing that is properly sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibit 136 at ECF No. 121-39.

Exhibit 137 [ECF No. 120-17 (mislabeled in the motion as ECF No. 120-16)] contains Keene's handwritten notes that purportedly contain 3M confidential information of various types. Because the Court's reference to Exhibit 137 in the summary judgment ruling is solely to find that it does not show what 3M contends it shows, the contents are not material and they properly remain under seal. 3M filed an appropriately redacted Exhibit 137 at ECF No. 124-44.

Thus, the Court grants in part and denies in part the Motion to Seal [ECF No. 121] as to the identified portions of the following exhibits and orders that the following original filings remain under seal: Ex. 1 [ECF No. 113-1], Ex. 6 [ECF No. 113-6], Ex. 12 [ECF No. 114], Ex. 23 [ECF No. 114-11], Ex. 34 [ECF No. 115-9], Ex. 36 [ECF No. 115-11], Ex. 37 [ECF No. 115-12], Ex. 54 [ECF No. 116-13], Ex. 79 [ECF No. 117-13], Ex. 87 [ECF No. 118-5], Ex. 88 [ECF No. 118-6], Ex. 89 [ECF No. 118-7], Ex. 91 [ECF No. 118-9], Ex. 93 [ECF No. 118-11], Ex. 94 [ECF No. 118-12], Ex. 95 [ECF No. 118-13], Ex. 96 [ECF No. 118-14], Ex. 97 [ECF No. 118-15], Ex. 99 (in part) [ECF No. 118-17], Ex. 100 [ECF No. 118-18], Ex. 102 [ECF No. 119-1],

Ex. 103 [ECF No. 119-2], Ex. 106 [ECF No. 119-5], Ex. 108 [ECF No. 119-7], Ex. 109 [ECF

No. 119-8], Ex. 113 [ECF No. 119-12], Ex. 114 [ECF No. 119-13], Ex. 115 [ECF No. 119-14],

Ex. 119 [ECF No. 119-18], Ex. 120 [ECF No. 119-19], Ex. 121 [ECF No. 120], Ex. 122 [ECF

No. 120-1], Ex. 123a [ECF No. 120-2], Ex. 123b [ECF Nos. 120-3, 124-36], Ex. 124 [ECF No.

120-4], Ex. 126 [ECF No. 120-6], Ex. 129 [ECF No. 120-9], Ex. 130 [ECF No. 120-10], Ex. 131

[ECF No. 120-11], Ex. 136 [ECF No. 120-16], and Ex. 137 [ECF No. 120-17].

      (b)     Supplemental Motion to Seal [ECF No. 134]

      In the Supplemental Motion to Seal [ECF No. 134], 3M asks the Court to maintain under

seal the eighteen refiled exhibits at docket entries 135-1 to 135-18, providing a document-by-

document analysis. ECF No. 134, p. 4.

      (i) The following seven exhibits were not relied on by the Court in the summary

judgment ruling and thus remain under seal without further analysis: Ex. 7 [ECF No. 135-2], Ex.

8 [ECF No. 135-3],[6] Ex. 31 [ECF No. 135-8], Ex. 40 [ECF No. 135-11], Ex. 72 [ECF No. 135-

13], Ex. 82 [ECF No. 135-14], Ex. 110 [ECF No. 135-16]. *See Forest River, Inc.*, 699 F. Supp.

3d at 738.

      (ii) The Court now turns to the remaining eleven exhibits from the Supplemental Motion

to Seal.

      Exhibit 3 [ECF No. 135-1] is an excerpt from the deposition transcript of 3M's Rule

30(b)(6) witness who discusses 3M's process for developing sales projections for its PG&F

division, discussed at page 199:9–15. However, the witness states only that they "would ask on a

probably quarterly basis what they feel the sales will be in this future." This general statement is

---

[6] Exhibit 8 is a duplicate of Exhibit 2.

not properly sealed. The Court denies the motion as to Exhibit 3 and will order the Clerk of

Court to unseal Exhibit 3 at ECF No. 135-1.

Exhibits 17a–17c [ECF No. 135-4] contain 3M superabrasive technical drawings,

contractor information, and testing and validation processes and results, which are properly

sealed at this stage of the litigation. 3M filed an appropriately redacted Exhibits 17a–17c at ECF

No. 136-4.

Exhibit 24 [ECF No. 135-5] includes communications between Christy and a 3M

contractor containing 3M superabrasive contractor information, key customer information, and

technical drawings, which are properly sealed at this stage of the litigation. 3M filed an

appropriately redacted Exhibit 24 at ECF No. 136-8.

Exhibit 27 [ECF No. 135-7] is Wesner's deposition testimony, excerpts of which contain

information relating to 3M superabrasive key customer information that are properly sealed at

this stage of the litigation. 3M filed an appropriately redacted Exhibit 27 at ECF No. 136-10

(mislabeled in the motion as ECF No. 136-9).

Exhibit 33 [ECF No. 135-9] is excerpts of Christy's deposition with 3M superabrasive

key customer information that is properly under seal at this stage of the litigation *except* for text

on page 235 lines 5–6 and the references to (1) USACH Hardinge Group on page 125,

(2) Timken on page 198, 203, and 204, (3) the references to Stellantis and Chrysler on pages 206

and 209, and (4) Kaydon on page 234 and 237, all of which 3M has put at issue in the unsealed

record as former 3M clients of Christy or Wesner that they continued to service at CDT. *See*

Resp. SOF ¶¶ 70, 73, ECF Nos. 112/128. 3M filed a redacted Exhibit 33 at ECF No. 123-2.

Thus, the Court grants in part the redactions for Exhibit 33 with these exceptions and will order

3M to file a corresponding revised redacted Exhibit 33.

23

Exhibit 35 [ECF No. 135-10], pages 3M_001726–31, ECF No. 115-10, pp. 2–7, contains testing information by a contractor related to a specific 3M customer, which contains confidential customer and contractor information as well as testing and validation processes. It is proper to seal these specific excerpts from the exhibit, which 3M has appropriately redacted at ECF No. 136-13.

Exhibit 118 [ECF No. 135-18] includes text messages between Christy and a 3M contractor relating to 3M superabrasive testing and validation processes and results that is properly under seal at this stage of the litigation. 3M filed an appropriately redacted Exhibit 118 at ECF No. 124-32.

For Exhibit 25 [ECF Nos. 135-6, 136-9], Exhibit 68 [ECF Nos. 135-12, 136-23], Exhibit 98 [ECF Nos. 135-15, 124-15], and Exhibit 111 [ECF Nos. 135-17, 124-27], 3M does not propose any redactions and asks that the exhibits be unsealed if the Defendants do not object. No objection was filed. Thus, the Court grants the request and will direct the Clerk of Court to unseal these exhibits.

Therefore, the Court grants in part and denies in part the Supplemental Motion to Seal [ECF No. 134]. The Court grants the motion to maintain under seal: Ex. 17 [ECF No. 135-4], Ex. 24 [ECF No. 135-5], Ex. 27 [ECF No. 135-7], Ex. 33 [ECF No. 135-9], Ex. 35 [ECF No. 135-10], and Ex. 118 [ECF No. 135-18]. The Court denies the motion as to Exhibit 3 [ECF No. 135-1] and will direct the Clerk of Court to unseal Exhibit 3 [ECF No. 135-1]. The Court further grants the request to unseal certain exhibits and will direct the Clerk of Court to unseal: Ex. 25 [ECF Nos. 135-6, 136-9], Ex. 68 [ECF Nos. 135-12, 136-23], Ex. 98 [ECF Nos. 135-15, 124-15], and Ex. 111 [ECF Nos. 135-17, ECF No. 124-27].

(c)    Exhibits not addressed in the motions to seal

3M's Motion to Seal and Supplemental Motion to Seal do not explicitly address the following exhibits that were filed under seal: Ex. 4 [ECF No. 113-4], Ex. 9 [ECF No. 113-9], Ex. 10 [ECF No. 113-10], Ex. 22 [ECF No. 114-10], Ex. 26 [ECF No. 115-1], Ex. 29 [ECF No. 115-4], Ex. 30 [ECF No. 115-5], Ex. 39 [ECF No. 115-14], Ex. 41 [ECF No. 116], Ex. 43 [ECF No. 116-2], Ex. 55 [ECF No. 116-14], Ex. 56 [ECF No. 116-15], Ex. 58 [ECF No. 116-17], Ex. 61 [ECF No. 116-20], Ex. 70 [ECF No. 117-4], Ex. 71 [ECF No. 117-5], Ex. 73 [ECF No. 117-7], Ex. 76 [ECF No. 117-10], Ex. 78 [ECF No. 117-12], Ex. 83 [ECF No. 118-1], Ex. 86 [ECF No. 118-4], Ex. 92 [ECF No. 118-10], Ex. 107 [ECF No. 119-6], Ex. 125 [ECF No. 120-5], Ex. 127 [ECF No. 120-7], Ex. 128 [ECF No. 120-8], and Ex. 132 [ECF No. 120-12].

First, the following exhibits are not relied on by the Court in ruling on summary judgment, and, thus, the Court orders that they remain under seal: Ex. 4 [ECF No. 113-4], Ex. 26 [ECF No. 115-1],[7] Ex. 29 [ECF No. 115-4], Ex. 39 [ECF No. 115-14], Ex. 41 [ECF No. 116], Ex. 56 [ECF No. 116-15], Ex. 58 [ECF No. 116-17], Ex. 70 [ECF No. 117-4], Ex. 71 [ECF No. 117-5], Ex. 73 [ECF No. 117-7], Ex. 78 [ECF No. 117-12], and Ex. 125 [ECF No. 120-5]. However, 3M later placed most of these same exhibits unsealed on the docket, and the Court now orders them sealed and will direct the Clerk of Court to place them under seal: Ex. 4 [ECF No. 134-1], Ex. 26 [ECF No. 121-10], Ex. 39 [ECF No. 121-12], Ex. 41 [ECF No. 121-13], Ex. 56 [ECF No. 121-17], Ex. 58 [ECF No. 121-18], Ex. 70 [ECF No. 121-20], Ex. 71 [ECF No. 121-21], Ex. 73 [ECF No. 121-22], and Ex. 78 [ECF No. 121-24].

Second, the following exhibits relied on by the Court in the summary judgment ruling were originally filed under seal. 3M then placed an unsealed copy of these exhibits on the docket

---

[7] In the Amended Exhibit List, Exhibit 26 [ECF No. 115-1] is identified as "Christy 3M Resignation Letter," but it is Wesner's resignation letter.

without objection by the Defendants. Accordingly, the Court orders that the original filings, which are cited in the Court's ruling, be unsealed. The Court will direct the Clerk of Court to unseal: Ex. 9 [ECF No. 113-9] (unsealed at ECF No. 122-3),[8] Ex. 10 [ECF No. 113-10] (unsealed at ECF No. 121-9), Ex. 22 [ECF No. 114-10] (unsealed at ECF No. 134-2), Ex. 30 [ECF No. 115-5] (unsealed at ECF No. 121-11), Ex. 43 [ECF No. 116-2] (unsealed at ECF No. 121-14), Ex. 55 [ECF No. 116-14] (unsealed at ECF No. 121-16), Ex. 61 [ECF No. 116-20] (unsealed at ECF No. 121-19), Ex. 76 [ECF No. 117-10] (unsealed at 121-23), Ex. 83 [ECF No. 118-1] (unsealed at ECF No. 121-26), Ex. 86 [ECF No. 118-4] (unsealed at ECF No. 121-27), Ex. 92 [ECF No. 118-10] (unsealed at ECF No. 121-28), Ex. 107 [ECF No. 119-6] (unsealed at ECF No. 124-23), Ex. 127 [ECF No. 120-7] (unsealed at ECF No. 124-39), Ex. 128 [ECF No. 120-8] (unsealed at ECF No. 124-40), Ex. 132 [ECF No. 120-12] (unsealed at ECF Nos. 121-37, 134-5).

    (d)    **3M's Brief in Opposition to Defendants' Motion for Partial Summary Judgment**

    3M requests that its Brief in Opposition to Defendants' Motion for Partial Summary Judgment [ECF No. 111] be kept under seal and that the redacted version [ECF No. 125] be unsealed. No objection has been filed. The Court grants 3M's request because the only redaction is one reference to 3M superabrasive contractor information, which is properly under seal at this stage of the litigation. The Court will direct the Clerk of Court to unseal the redacted version [ECF No. 125].

    (e)    **3M's Response to Statement of Material Facts and Additional Facts**

    3M requests that its Response to Statement of Material Facts and Additional Facts [ECF No. 112] remain under seal and that the redacted version [ECF No. 128] be unsealed. Many of

---

[8] The Supplemental Motion to Seal asks the Court to unseal Exhibit 9 filed at ECF No. 122-3, which has no redactions.

the narrow redactions are 3M superabrasive product designs and specifications, testing and validation process and results, contractor information, OEM and sales representative information, key customer information, technical drawings, pricing and margin information, or forward-looking business plans and forecasts that are properly maintained under seal at this stage of the litigation. Nevertheless, several redactions should not be kept under seal either because they are contextual information or because they are material facts placed at issue by 3M not under seal as set forth elsewhere in this ruling or in the Court's summary judgment ruling.

Accordingly, the Court orders that 3M's Response to Statement of Material Facts and Additional Facts [ECF No. 112] remain under seal and that the redacted version [ECF No. 128] be unsealed. The Court will order 3M to file a revised redacted Response to Statement of Material Facts and Additional Facts [ECF No. 128] with the following excerpts unredacted:

1. p. 50, ¶ 144

2. p. 54, ¶ 155, "3M uses contractors to help 3M employees," "One of these contractors was," and "was required to keep confidential"

3. p. 54, ¶ 156, "Another contractor was" and "owed confidentiality obligations to 3M and was required to return any 3M confidential information that he received"

4. p. 55, ¶ 159, "Part of this strategy includes working with OEM's" and "Some of these OEM and distributors have included"

5. p. 57, ¶ 165(a), "The customer information goes beyond mere customer names, and includes key contacts and preferences from ordering history for the customers listed below."

6. pp. 60–61, ¶ 170, "The at-issue 3M superabrasive trade secret information from 3M's forward-looking business plans and forecasts includes:", "a. SWOT Analyses," "b. Industry Analyses," "c. Business plans," and "d. Financial Reports and Results"

7. p. 69, ¶ 200, "'I shouldn't be telling you this but'"

8. p. 72, ¶ 214, "(Pls.' Exs, 18, 19) and," "(Pls.' Ex. 20) and," and "(Pls'. Ex. 21)"

9. p. 73, ¶ 216, "Christy sent a copy of 3M's technical drawing of the MK2 spindle (version D8377-11) to" and "on June 22, 2021. (Pls.' Ex. 93)"

10. p. 73, ¶ 217, "Christy had previously sent the D8377-11 version to," "an OEM selling," "on October 23, 2020. (*See* 3M_027906–07 (Pls.' Ex. 96).) About a year later on December 6, 2021, at 1:23 pm," "emailed Christy at CDT, stating, 'Paul, This isn't your problem now, but . . . Do you know who is running the dresser spindle business at 3M now?', and "wants us to apply a MK II spindle and we can't contact anyone.' (CDT4023 (Pls.' Ex. 97).)"

11. p. 73, ¶ 218, "signaling that" and "should communicate with Christy at CDT, that the 3M dressing spindle business was effectively at CDT. (*Id.*)"

12. p. 74, ¶ 221, "The next day on December 16, 2021, Wesner emailed customer service at CDT to prepare a quote for a 'Series 2' spindle for," "Wesner_CDT_024937 (Pls.' Ex. 100).) Wesner copy-pasted the descriptions from Christy's email. (*Id.*) He also stated that the spindle would be purchased from," and "(*Id.*)"

13. p. 75, ¶ 224, "email titled," "(3M_031989–93 (Pls.' Ex. 103).) Christy also blind carbon-copied his personal Gmail address. (*Id.*) To Keene, he wrote, 'This is the project I am working on for," "(*Id.*) USACH Hardinge was one of Christy's 3M customers. (Pls.' Ex. 33, at 124:20–125:24.)," "Christy concluded, 'End user is," "(*Id.*) 3M sells to," and "via a distributor."

14. p. 75, ¶ 226, "On January 12, 2022, Christy sent a quote to," "(Christy II Dep. Ex. 58 (Pls.' Ex. 106).) In February 2022," "ran dresser tests at," and "(Christy II Dep. ex. 59 (Pls.' Ex. 107).)"

15. p. 79, ¶ 238, "The most prominent example is his involvement in getting Christy and Keene to commission," "to repair some," and "arbors for his old customers Stellantis/Chrysler Kokomo."

16. p. 79, ¶ 239, "In fact, Wesner actually met with Christy at," "*while* Wesner was still working at 3M on April 15, 2021. (Wesner_120406 (Pls.' Ex. 111).)," "at Stellantis emailed a print to Christy's Gmail address which Christy then forwarded to his CDT email (Pls.' Ex. 24 at Christy_007713.). He also texted pictures of the arbor to," "(Christy I Dep. Ex. 16 (Pls.' Ex. 112).)," "later forwarded to Christy' CDT email, a drawing of the arbor that Christy had previously sent to," "from Christy's 3M email. (Christy I Dep. Ex. 15, at CDT327 (Pls.' Ex. 113).)," and "also forwarded another email Christy had sent him while he was still at 3M: x-rays of the arbors."

17. p. 80, ¶ 242, "I shouldn't be telling you this but"

18. p. 80, ¶ 244, "his 3M relationship with," "at," and "to quote an MK3 spindle for"

19. pp. 81, ¶ 245, "to conduct tests at 3M customers"

20. p. 81, ¶ 246, "representative" and "(*see* 3M_032054; Vardaman_CDT_046128 (Pls.' Exs. 123a-b)) to feed him 3M quotes for"

21. p. 81, ¶ 247, "OEM" and "(Christy_CDT_051865–70 (Pls.' Ex. 125)), which supplied grinding machines with 3M diamond wheels to Pratt & Whitney East Hartford in 2019."

(f)    Declaration of James McGinnis

3M requests that the Declaration of James McGinnis [ECF No. 111-1] remain sealed because it contains facts relating to 3M superabrasive product designs and specifications, testing and validation processes and results, key customer information, technical drawings, pricing and margin information, and forward-looking business plans and forecasts. 3M requests that the redacted version [ECF No. 126] be unsealed. No objection was filed. However, as with 3M's Response to Statement of Material Facts and Additional Facts, several of the same redactions should not be kept under seal. Accordingly, the Court orders that the Declaration of James McGinnis [ECF No. 111-1] remain under seal and that the redacted version [ECF No. 126] be unsealed. The Court will order 3M to file a revised redacted Declaration of James McGinnis with the following excerpts unredacted:

1. p. 7, ¶ 25

2. p. 10, ¶ 36, "3M uses contractors to help 3M employees" and "One of these contractors was"

3. p. 10, ¶ 37, "Another contractor was"

4. p. 11, ¶ 40, "Part of this strategy includes working with OEM's" and "Some of these OEM and distributors have included"

5. p. 13, ¶ 46(a), "The customer information goes beyond mere customer names, and includes key contacts and preferences from ordering history for the customers listed below."

6. pp. 16–17, ¶ 51, "The at-issue 3M superabrasive trade secret information from 3M's forward-looking business plans and forecasts includes:", "a. SWOT Analyses," "b. Industry Analyses," "c. Business plans," and "d. Financial Reports and Results"

29

**C.    Defendants' Amended Motion to File Documents Under Seal [ECF No. 149-1]**

The Defendants ask the Court to maintain under seal their Reply Brief in Support of Summary Judgment [ECF No. 145], their Response to Plaintiff's Additional Material Facts [ECF No. 146], and Exhibits M–W [ECF Nos. 146-1 to 146-11] filed in support in anticipation of the Court's ruling on 3M's Motion to Seal [DE 121] that was still under advisement at the time of filing. In response [ECF No. 152], 3M asks the Court to seal only the Defendants' Reply Brief in Support of Motion for Partial Summary Judgment [ECF No. 145], the Defendants' Response to 3M's Additional Material Facts [ECF No. 146], Exhibit R [ECF No. 146-6], Exhibit S [ECF No. 146-7], Exhibit V [ECF No. 146-10], and Exhibit W [ECF No. 146-11]. 3M filed redacted copies of these filings at ECF Nos. 153, 154, and 155 and represents that the redacted documents can be unsealed absent any objection by the Defendants; the Defendants have not objected. The Court considers each document in turn.

Exhibit R [ECF No. 146-6], Exhibit S [ECF No. 146-7], and Exhibit V [ECF No. 146-10] are deposition excerpts. None of the redacted information in these exhibits is relied on by the Court in its summary judgment ruling and thus remains under seal without further analysis. *See Forest River, Inc.*, 699 F. Supp. 3d at 738. 3M filed an appropriately redacted Exhibit R at ECF No. 155, pp. 58–60, Exhibit S at ECF No. 155, pp. 61–67, and Exhibit V at ECF No. 155, pp. 93–105, which the Court will direct the Clerk of Court to unseal. Exhibit W [ECF No. 146-11] is excerpts of Christy's first deposition. Most of the redactions are not relied on by the Court in its summary judgment ruling and thus remain under seal without further analysis. *See Forest River, Inc.*, 699 F. Supp. 3d at 738. 3M filed a redacted Exhibit W [ECF No. 155, pp. 106–110]. However, the reference to the x-ray work that is redacted at 215:14–18 is relevant to the Court's

decision and placed at issue by 3M. Resp. SOF ¶ 73, ECF No. 112/128; SOAF ¶ 240, ECF No. 112/128. Thus, the Court will order 3M to file a revised redacted Exhibit W.

As no party has provided a basis for the remaining reply exhibits to remain under seal, the Court orders them unsealed. The Court will direct the Clerk of Court to unseal: Ex. M [ECF No. 146-1], Ex. N [ECF No. 146-2], Ex. O [ECF No. 146-3], Ex. P [ECF No. 146-4], Ex. Q [ECF No. 146-5], Ex. T [ECF No. 146-8], and Ex. U [ECF No. 146-9].

Next, 3M requests that the Defendants' Reply Brief in Support of Motion for Partial Summary Judgment [ECF No. 145] be kept under seal and that the redacted version [ECF No. 153] be unsealed. No objection has been filed. The Court grants 3M's request to maintain the Reply Brief in Support of Motion for Partial Summary Judgment [ECF No. 145] under seal because it contains one reference to 3M superabrasive contractor information. The Court will direct the Clerk of Court to unseal the redacted version [ECF No. 153].

Finally, 3M requests that the Defendants' Response to 3M's Additional Material Facts [ECF No. 146] remain under seal and that the redacted version [ECF No. 154] be unsealed. Many of the narrow redactions are 3M superabrasive product designs and specifications, testing and validation process and results, contractor information, OEM and sales representative information, key customer information, technical drawings, pricing and margin information, and forward-looking business plans and forecasts that are properly maintained under seal. However, as with the 3M's Response to Statement of Material Facts and Additional Facts, the same redactions and others should not be kept under seal. Accordingly, the Court orders that the Defendants' Response to 3M's Additional Material Facts [ECF No. 146] remain under seal and that the redacted version [ECF No. 154] be unsealed. The Court will order 3M to file a revised

redacted Defendants' Response to 3M's Additional Material Facts [ECF No. 146] with the

following excerpts unredacted:

1. pp. 27–28, ¶ 144

2. p. 33, ¶ 156, "3M uses contractors to help 3M employees," "One of these contractors was," and "was required to keep confidential"

3. p. 33–34, ¶ 157, "Another contractor was" and "owed confidentiality obligations to 3M and was required to return any 3M confidential information that he received"

4. p. 35, ¶ 160, "Part of this strategy includes working with OEM's" and "Some of these OEM and distributors have included"

5. p. 37, ¶ 166(a), "The customer information goes beyond mere customer names, and includes key contacts and preferences from ordering history for the customers listed below"

6. p. 41–42, ¶ 170, "The at-issue 3M superabrasive trade secret information from 3M's forward-looking business plans and forecasts includes:", "a. SWOT Analyses," "b. Industry Analyses," "c. Business plans," and "d. Financial Reports and Results"

7. p. 58, ¶ 190 Moving Defendants' Response, "'SWOT' analysis referencing" and "was 'extremely sensitive' despite having no 'CONFIDENTIAL' or 'INTERNAL USE ONLY' or similar designation on it"

8. p. 64, ¶ 200, "'I shouldn't be telling you this but'"

9. p. 72, ¶ 214, "(Pls.' Exs, 18, 19) and," "(Pls.' Ex. 20) and," and "(Pls.' Ex. 21)"

10. p. 74, ¶ 216, "Christy sent a copy of 3M's technical drawing of the MK2 spindle (version D8377-11) to," "on June 22, 2021. (Pls.' Ex. 93)"

11. p. 74, ¶ 217, "Christy had previously sent the D8377-11 version to," "an OEM selling," "on October 23, 2020. (*See* 3M_027906–07 (Pls.' Ex. 96).) About a year later on December 6, 2021, at 1:23 pm," "emailed Christy at CDT, stating, 'Paul, This isn't your problem now, but . . . Do you know who is running the dresser spindle business at 3M now?', and "wants us to apply a MK II spindle and we can't contact anyone.' (CDT4023 (Pls.' Ex. 97).)"

12. p. 75, ¶ 218, "signaling that" and "should communicate with Christy at CDT, that the 3M dressing spindle business was effectively at CDT. (*Id.*)"

13. pp. 76–77, ¶ 221, "The next day on December 16, 2021, Wesner emailed customer service at CDT to prepare a quote for a 'Series 2' spindle for," "Wesner_CDT_024937

(Pls.' Ex. 100).) Wesner copy-pasted the descriptions from Christy's email. (*Id.*) He also stated that the spindle would be purchased from," and "(*Id.*)"

14. p. 78, ¶ 224, "email titled," "(3M_031989–93 (Pls.' Ex. 103).) Christy also blind carbon-copied his personal Gmail address. (*Id.*) To Keene, he wrote, 'This is the project I am working on for," "(*Id.*) USACH Hardinge was one of Christy's 3M customers. (Pls.' Ex. 33, at 124:20–125:24.)," "Christy concluded, 'End user is," "(*Id.*) 3M sells to," and "via a distributor."

15. p. 81, ¶ 226, "On January 12, 2022, Christy sent a quote to," "(Christy II Dep. Ex. 58 (Pls.' Ex. 106).) In February 2022," "ran dresser tests at," and "(Christy II Dep. Ex. 59 (Pls.' Ex. 107).)"

16. p. 89, ¶ 238, "The most prominent example is his involvement in getting Christy and Keene to commission," "to repair some," and "arbors for his old customers Stellantis/Chrysler Kokomo."

17. p. 89, ¶ 239, "In fact, Wesner actually met with Christy at," "*while* Wesner was still working at 3M on April 15, 2021 (Wesner_120406 (Pls.' Ex. 111).)," "at Stellantis emailed a print to Christy's Gmail address which Christy then forwarded to his CDT email (Pls.' Ex. 24 at Christy_007713.). He also texted pictures of the arbor to," "(Christy I Dep. Ex. 16 (Pls.' Ex. 112).)," "later forwarded to Christy' CDT email, a drawing of the arbor that Christy had previously sent to," "from Christy's 3M email. (Christy I Dep. Ex. 15, at CDT327 (Pls.' Ex. 113).)," and "also forwarded another email Christy had sent him while he was still at 3M: x-rays of the arbors."

18. p. 91, ¶ 242, "I shouldn't be telling you this but"

19. p. 92, ¶ 244, "his 3M relationship with," "at," and "to quote an MK3 spindle for"

20. p. 92 ¶ 244 Moving Defendants' Response, "'3M relationship with' and "based solely on his being cc'd in an email chain from 2021"

21. pp. 92–93, ¶ 245, "to conduct tests at 3M customers"

22. p. 93, ¶ 246, "representative" and "(*see* 3M_032054; Vardaman_CDT_046128 (Pls.' Exs. 123a-b)) to feed him 3M quotes for"

23. p. 93, ¶ 247, "OEM" and "(Christy_CDT_051865–70 (Pls.' Ex. 125)), which supplied grinding machines with 3M diamond wheels to Pratt & Whitney East Hartford in 2019."

Accordingly, the Court grants in part and denies in part the Amended Motion to file

Documents Under Seal [ECF No. 149-1] as set forth above.

**CONCLUSION**

For the reasons above, the Court makes the following rulings:

A.    The Court GRANTS in part and DENIES in part the Unopposed Replacement Motion to File Documents Under Seal [ECF No. 107];

B.    The Court GRANTS in part and DENIES in part 3M's Unopposed Motion to File Documents Supporting Summary Judgment Under Seal [ECF No. 121];

C.    The Court GRANTS in part and DENIES in part 3M's Supplemental Motion to File Documents Supporting Summary Judgment Under Seal [ECF No. 134]; and

D.    The Court GRANTS in part and DENIES in part the Defendants' Amended Motion to File Documents Under Seal [ECF No. 149-1] and thus DENIES as moot the Defendants' Motion to File Documents Under Seal [ECF No. 144].

E.    The Court DIRECTS the Clerk of Court to SEAL:

(1)    Ex. 123a [ECF No. 121-33]. *See supra* Part B(4)(a)(ii).

(2)    Ex. 4 [ECF No. 134-1], Ex. 26 [ECF No. 121-10], Ex. 39 [ECF No. 121-12], Ex. 41 [ECF No. 121-13], Ex. 56 [ECF No. 121-17], Ex. 58 [ECF No. 121-18], Ex. 70 [ECF No. 121-20], Ex. 71 [ECF No. 121-21], Ex. 73 [ECF No. 121-22], and Ex. 78 [ECF No. 121-24]. *See supra* Part B(4)(c).

F.    The Court DIRECTS the Clerk of Court to MAINTAIN UNDER SEAL:

(1)    Ex. A [ECF No. 96-1], Ex. D [ECF No. 96-4], Ex. F [ECF No. 96-6], Ex. G [ECF No. 96-7], and Ex. L [ECF No. 96-12]. *See supra* Part A.

(2)    ECF Nos. 113-3, 113-7, 113-8, 114-5, 114-12, 115, 115-2, 115-6, 115-8, 115-10, 115-15, 116-9, 116-10, 117-2, 117-6, 118-16, 119-9, 119-10, 119-17, 122-4, 122-8, 122-9, 122-10, 122-13, 122-14, 123, 123-1, 123-4, 123-26, 124-6, 124-11, 124-24, 124-28, 124-29, 124-34. *See supra* Part B(1).

(3)    Ex. 11 [ECF No. 113-11], Ex. 13 [ECF No. 114-1], Ex. 20 [ECF No. 114-8], Ex. 28 [ECF No. 115-3], Ex. 42 [ECF No. 116-1], Ex. 46 [ECF No. 116-5], Ex. 48 [ECF No. 116-7], Ex. 49 [ECF No. 116-8], Ex. 50 [ECF No. 134-3], Ex. 51 [ECF No. 134-4], Ex. 59 [ECF No. 116-18], Ex. 62 [ECF No. 116-21], Ex. 63 [ECF No. 116-22], Ex. 64 [ECF No. 116-23], Ex. 74 [ECF No. 117-8], Ex. 75 [ECF No. 117-9], Ex. 77 [ECF No. 117-11], Ex. 84 [ECF No. 118-2], Ex. 105 [ECF No. 119-4], Ex. 134 [ECF No. 120-14], Ex. 135 [ECF No. 120-15]. *See supra* Part B(2)(a).

(4)    Ex. 7 [ECF No. 122-2], Ex. 13 [ECF No. 122-6], Redacted Ex. 14 [ECF No. 122-7], Ex. 28 [ECF No. 122-15], Ex. 29 [ECF No. 122-16], Redacted Ex. 40 [ECF No. 123-7], Ex. 42 [ECF No. 123-8], Ex. 46 [ECF No. 123-10], Ex. 48 [ECF No. 123-12], Ex. 49 [ECF No. 123-13], Ex. 59 [ECF No. 123-18], Ex. 62 [ECF No. 123-20], Ex. 63 [ECF No. 123-21], Ex. 64 [ECF No. 123-22], Ex. 69 [ECF No. 123-27], Redacted Ex. 72 [ECF No. 123-28], Ex. 74 [ECF No. 124], Ex. 75 [ECF No. 124-1], Ex. 77 [ECF No. 124-2], Redacted Ex. 84 [ECF No. 124-5], Redacted Ex. 90 [ECF No. 124-10], Ex. 105 [ECF No. 124-21], Ex. 110 [ECF No. 124-26], Ex. 125 [ECF No. 124-38], Ex. 134 [ECF No. 124-42], Ex. 135 [ECF No. 124-43], Redacted Ex. 138 [ECF No. 124-45], Redacted Ex. 8 [ECF No. 136], Ex. 11 [ECF No. 136-1], Redacted Ex. 15 [ECF No. 136-2], Redacted Ex. 16 [ECF No. 136-3], Redacted Ex. 17 [ECF No. 136-4], Redacted Ex. 31 [ECF No. 136-11], Redacted Ex. 82 [ECF No. 136-15], Redacted Ex. 85 [ECF No. 136-16]. *See supra* Part B(3)(a).

(5)    Ex. 2 [ECF No. 113-2], Ex. 14 [ECF No. 114-2], Ex. 15 [ECF No. 114-3], Ex. 16 [ECF No. 114-4], Ex. 18 [ECF No. 114-6], Ex. 19 [ECF No. 114-7], Ex. 21 [ECF No. 114-9], Ex. 38 [ECF No. 115-13], Ex. 44 [ECF No. 116-3], Ex. 69 [ECF No. 117-3], Ex. 81 [ECF No. 118], Ex. 85 [ECF No. 118-3], Ex. 90 [ECF No. 118-8], Ex. 138 [ECF No. 120-18]. *See supra* Part B(4)(a)(i).

(6)    Ex. 1 [ECF No. 113-1], Ex. 6 [ECF No. 113-6], Ex. 12 [ECF No. 114], Ex. 23 [ECF No. 114-11], Ex. 34 [ECF No. 115-9], Ex. 36 [ECF No. 115-11], Ex. 37 [ECF No. 115-12], Ex. 54 [ECF No. 116-13], Ex. 79 [ECF No. 117-13], Ex. 87 [ECF No. 118-5], Ex. 88 [ECF No. 118-6], Ex. 89 [ECF No. 118-7], Ex. 91 [ECF No. 118-9], Ex. 93 [ECF No. 118-11], Ex. 94 [ECF No. 118-12], Ex. 95 [ECF No. 118-13], Ex. 96 [ECF No. 118-14], Ex. 97 [ECF No. 118-15], Ex. 99 [ECF No. 118-17], Ex. 100 [ECF No. 118-18], Ex. 102 [ECF No. 119-1], Ex. 103 [ECF No. 119-2], Ex. 106 [ECF No. 119-5], Ex. 108 [ECF No. 119-7], Ex. 109 [ECF No. 119-8], Ex. 113 [ECF No. 119-12], Ex. 114 [ECF No. 119-13], Ex. 115 [ECF No. 119-14], Ex. 119 [ECF No. 119-18], Ex. 120 [ECF No. 119-19], Ex. 121 [ECF No. 120], Ex. 122 [ECF No. 120-1], Ex. 123a [ECF No. 120-2], Ex. 123b [ECF Nos. 120-3, 124-36], Ex. 124 [ECF No. 120-4], Ex. 126 [ECF No. 120-6], Ex. 129 [ECF No. 120-9], Ex. 130 [ECF No. 120-10], Ex. 131 [ECF No. 120-11], Ex. 136 [ECF No. 120-16], and Ex. 137 [ECF No. 120-17]. *See supra* Part B(4)(a)(ii).

(7)    Ex. 7 [ECF No. 135-2], Ex. 8 [ECF No. 135-3], Ex. 31 [ECF No. 135-8], Ex. 40 [ECF No. 135-11], Ex. 72 [ECF No. 135-13], Ex. 82 [ECF No. 135-14], Ex. 110 [ECF No. 135-16]. *See supra* Part B(4)(b)(i).

(8)    Ex. 17 [ECF No. 135-4], Ex. 24 [ECF No. 135-5], Ex. 27 [ECF No. 135-7], Ex. 33 [ECF No. 135-9], Ex. 35 [ECF No. 135-10], and Ex. 118 [ECF No. 135-18]. *See supra* Part B(4)(b)(ii).

(9)    Ex. 4 [ECF No. 113-4], Ex. 26 [ECF No. 115-1], Ex. 29 [ECF No. 115-4], Ex. 39 [ECF No. 115-14], Ex. 41 [ECF No. 116], Ex. 56 [ECF No. 116-15], Ex. 58 [ECF

No. 116-17], Ex. 70 [ECF No. 117-4], Ex. 71 [ECF No. 117-5], Ex. 73 [ECF No. 117-7], Ex. 78 [ECF No. 117-12], and Ex. 125 [ECF No. 120-5]. *See supra* Part B(4)(c).

(10)   3M's Brief in Opposition to Defendants' Motion for Partial Summary Judgment [ECF No. 111]. *See supra* Part B(4)(d).

(11)   Response to Statement of Material Facts and Additional Facts [ECF No. 112]. *See supra* Part B(4)(e).

(12)   Declaration of James McGinnis [ECF No. 111-1]. *See supra* Part B(4)(f).

(13)   Defendants' Reply Brief in Support of Motion for Partial Summary Judgment [ECF No. 145]. *See supra* Part C.

(14)   Defendants' Response to 3M's Additional Material Facts [ECF No. 146]. *See supra* Part C.

(15)   Ex. R [ECF No. 146-6], Ex. S [ECF No. 146-7], Ex. V [ECF No. 146-10], Ex. W [ECF No. 146-11]. *See supra* Part C.

G.   The Court DIRECTS the Clerk of Court to UNSEAL:

(1)   the Defendants' Statement of Material Facts [ECF No. 96], Ex. B [ECF No. 96-2], Ex. C [ECF No. 96-3], Ex. E [ECF No. 96-5], Ex. H [ECF No. 96-8], Ex. I [ECF No. 96-9], Ex. J [ECF No. 96-10], Ex. K [ECF No. 96-11], and the Defendants' Brief in Support of Motion for Partial Summary Judgment [ECF No. 97]. *See supra* Part A.

(2)   Ex. 32 [ECF No. 115-7], Ex. 45 [ECF No. 116-4], Ex. 47 [ECF No. 116-6], Ex. 52 [ECF No. 116-11], Ex. 53 [ECF No. 116-12], Ex. 57 [ECF No. 116-16], Ex. 60 [ECF No. 116-19], Ex. 65 [ECF No. 116-24], Ex. 66 [ECF No. 117], Ex. 67 [ECF No. 117-1], Ex. 80 [ECF No. 117-14], Ex. 101 [ECF No. 119], Ex. 104 [ECF No. 119-3], Ex. 112 [ECF No. 119-11], Ex. 116 [ECF No. 119-15], Ex. 117 [ECF No. 119-16], and Ex. 133 [ECF No. 130-13]. *See supra* Part B(2)(b).

(3)   Redacted Ex. 1 [ECF No. 122], Redacted Ex. 6 [ECF No. 122-1], Ex. 9 [ECF No. 122-3], Redacted Ex. 12 [ECF No. 122-5], Redacted Ex. 18 [ECF No. 122-11], Redacted Ex. 19 [ECF No. 122-12], Redacted Ex. 33 [ECF No. 123-2], Redacted Ex. 34 [ECF No. 123-3], Redacted Ex. 36 [ECF No. 123-5], Redacted Ex. 37 [ECF No. 123-6], Ex. 45 [ECF No. 123-9], Ex. 47 [ECF No. 123-11], Ex. 52 [ECF No. 123-14], Ex. 53 [ECF No. 123-15], Redacted Ex. 54 [ECF No. 123-16], Ex. 57 [ECF No. 123-17], Ex. 60 [ECF No. 123-19], Ex. 65 [ECF No. 123-23], Ex. 66 [ECF No. 123-24], Ex. 67 [ECF No. 123-25], Redacted Ex. 79 [ECF No. 124-3], Ex. 80 [ECF No. 124-4], Redacted Ex. 87 [ECF No. 124-7], Ex. 88 [ECF No. 124-8], Redacted Ex. 89 [ECF No. 124-9], Redacted Ex. 93 [ECF No. 124-

36

12], Redacted Ex. 95 [ECF No. 124-13], Redacted Ex. 97 [ECF No. 124-14], Ex. 98 [ECF No. 124-15], Redacted Ex. 99 [ECF No. 124-16], Redacted Ex. 100 [ECF No. 124-17], Redacted Ex. 101 [ECF No. 124-18], Redacted Ex. 102 [ECF No. 124-19], Ex. 104 [ECF No. 124-20], Redacted Ex. 106 [ECF No. 124-22], Ex. 107 [ECF No. 124-23], Ex. 109 [ECF No. 124-25], Ex. 111 [ECF No. 124-27], Ex. 116 [ECF No. 124-30], Ex. 117 [ECF No. 124-31], Redacted Ex. 118 [ECF No. 124-32], Redacted Ex. 120 [ECF No. 124-33], Redacted Ex. 122 [ECF No. 124-35], Redacted Ex. 124 [ECF No. 124-37], Ex. 127 [ECF No. 124-39], Ex. 128 [ECF No. 124-40], Redacted Ex. 129 [ECF No. 124-41], Redacted Ex. 137 [ECF No. 124-44], Redacted Ex. 20 [ECF No. 136-5], Redacted Ex. 21 [ECF No. 136-6], Redacted Ex. 23 [ECF No. 136-7], Redacted Ex. 24 [ECF No. 136-8], Ex. 25 [ECF No. 136-9], Redacted Ex. 27 [ECF No. 136-10], Ex. 32 [ECF No. 136-12], Redacted Ex. 35 [ECF No. 136-13], Redacted Ex. 91 [ECF No. 136-17], Redacted Ex. 108 [ECF No. 136-18], Ex. 112 [ECF No. 136-19], Redacted Ex. 115 [ECF No. 136-20], Redacted Ex. 121 [ECF No. 136-21], and Redacted Ex. 123a [ECF No. 136-22]. *See supra* Part B(3)(b).

(4)    Ex. 3 [ECF No. 135-1], Ex. 25 [ECF Nos. 135-6, 136-9], Ex. 68 [ECF Nos. 135-12, 136-23], Ex. 98 [ECF Nos. 135-15, 124-15], and Ex. 111 [ECF Nos. 135-17, ECF No. 124-27]. *See supra* Part B(4)(b)(ii).

(5)    Ex. 9 [ECF No. 113-9], Ex. 10 [ECF No. 113-10], Ex. 22 [ECF No. 114-10], Ex. 30 [ECF No. 115-5], Ex. 43 [ECF No. 116-2], Ex. 55 [ECF No. 116-14], Ex. 61 [ECF No. 116-20], Ex. 76 [ECF No. 117-10], Ex. 83 [ECF No. 118-1], Ex. 86 [ECF No. 118-4], Ex. 92 [ECF No. 118-10], Ex. 107 [ECF No. 119-6], Ex. 127 [ECF No. 120-7], Ex. 128 [ECF No. 120-8], Ex. 132 [ECF No. 120-12]. *See supra* Part B(4)(c).

(6)    3M's Redacted Brief in Opposition to Defendants' Motion for Partial Summary Judgment [ECF No. 125]. *See supra* Part B(4)(d).

(7)    3M's Redacted Response to Statement of Material Facts and Additional Facts [ECF No. 128]. *See supra* Part B(4)(e).

(8)    Redacted Declaration of James McGinnis [ECF No. 126]. *See supra* Part B(4)(f).

(9)    Redacted Ex. R [ECF No. 155, pp. 58–60], Redacted Ex. S [ECF No. 155, p. 61–67], Redacted Ex. V [ECF No. 155, pp. 93–105], and Redacted Ex. W [ECF No. 155, pp. 106–110]. *See supra* Part C.

(10)    Ex. M [ECF No. 146-1], Ex. N [ECF No. 146-2], Ex. O [ECF No. 146-3], Ex. P [ECF No. 146-4], Ex. Q [ECF No. 146-5], Ex. T [ECF No. 146-8], and Ex. U [ECF No. 146-9]. *See supra* Part C.

(11)    Defendants' Redacted Reply Brief in Support of Motion for Partial Summary Judgment [ECF No. 153]. *See supra* Part C.

(12)    Defendants' Redated Response to 3M's Additional Material Facts [ECF No. 154]. *See supra* Part C.

H.    The Court ORDERS the Plaintiffs to FILE, on or before July 11, 2025:

(1)    a revised redacted Ex. 36 [ECF No. 123-5], *see supra* Part B(4)(a)(ii);

(2)    a revised redacted Ex. 54 [ECF No. 123-16], *see supra* Part B(4)(a)(ii);

(3)    a redacted Ex. 96, *see supra* Part B(4)(a)(ii);

(4)    a revised redacted Ex. 99 [ECF No. 124-16], *see supra* Part B(4)(a)(ii);

(5)    a redacted Ex. 123b, *see supra* Part B(4)(a)(ii);

(6)    a revised redacted Ex. 33 [ECF No. 123-2], *see supra* Part B(4)(b)(ii);

(7)    a revised redacted 3M's Response to Statement of Material Facts and Additional Facts [ECF No. 128], *see supra* Part B(4)(e);

(8)    a revised redacted declaration of James McGinnis [ECF No. 126], *see supra* Part B(4)(f);

(9)    a revised redacted Ex. W [ECF No. 146-11], *see supra* Part C; and

(10)    a revised redacted Defendants' Response to 3M's Additional Material Facts [ECF No. 146], *see supra* Part C.

SO ORDERED on June 20, 2025.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT