UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

3M COMPANY and 3M INNOVATIVE
PROPERTIES COMPANY,

        Plaintiffs,

        v.                            CAUSE NO.: 1:21-CV-274-TLS

CONTINENTAL DIAMOND TOOL CORP.,
PAUL CHRISTY, TIMOTHY KEENE, and
CHAD WESNER,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on 3M's Motion to Maintain Documents Under Seal [ECF No. 172], filed on August 8, 2025. The Defendants have not responded, and the time to do so has passed. For the following reasons, the Court grants the motion.

**BACKGROUND**

In its June 20, 2025 Opinion and Order [ECF No. 162], the Court ordered 3M to file several documents with redactions. On July 11, 2025, 3M filed those redacted documents. *See* ECF Nos. 169-1 through 169-10. However, 3M also filed a Notice [ECF No. 169] indicating that the documents at ECF Nos. 169-1, 169-7, 169-9, and 169-10 contained additional redactions 3M had previously failed to request but that were consistent with the Court's June 20, 2025 ruling. Because any request for a ruling must be made by separate motion, the Court granted 3M leave to file a motion seeking the additional redactions. The Court permitted the documents at ECF Nos. 169-1, 169-7, 169-9, and 169-10 to remain on the docket as provisionally in compliance with the Court's June 20, 2025 Opinion and Order in anticipation of the forthcoming motion.

**LEGAL STANDARD**

There is a presumption that documents filed with the court, as well as the other

information presented to it in connection with a judicial determination, are to be publicly

available. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978); *Jessup v. Luther*, 277

F.3d 926, 927–28 (7th Cir. 2002). Good cause is needed to seal any portion of the court's record,

and the movant bears the burden of proving that such cause exists. *Citizens First Nat'l Bank v.*

*Cincinnati Ins.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Whether to seal is within the court's

discretion. *Matter of Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1316 (7th Cir. 1984). Determining

whether there is sufficient cause to seal can be made only on a case-by-case basis, after weighing

the proffered reasons for secrecy against the competing interests of disclosure and public access.

*Nixon*, 435 U.S. at 599. The need for the court to make that determination cannot be avoided.

The court should not simply and uncritically accept the assertions of confidentiality but is,

instead, "duty-bound . . . to review any request to seal the record (or part of it)." *Citizens First*,

178 F.3d at 945. The materials submitted in connection with a motion to seal should "analyze in

detail, document by document, the propriety of secrecy, providing reasons and legal citations,"

and "[m]otions that simply assert a conclusion, without the required reasoning, . . . have no

prospect of success." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002).

**ANALYSIS**

Pursuant to Northern District of Indiana Local Rule 5-3 and the Court's July 21, 2025

Order, 3M now asks the Court to maintain under seal the additional redactions 3M included in

the documents at ECF Nos. 169-1, 169-7, 169-9, and 169-10. Having reviewed these documents

and 3M's arguments and in light of the Court's detailed rulings in this case on the prior motions

to seal, the Court finds there is good cause to seal the requested redactions because they reflect

3M's confidential business and financial information.

First, revised redacted ECF No. 169-1 was originally filed unredacted at ECF No. 115-11

and was then filed in redacted form at ECF No. 123-5. 3M now requests approval of several

additional redactions it already made in ECF No. 169-1. 3M requests the additional redaction on

Vardaman_103413 of the reference to a contractor's first name the Court has already held

warrants sealing. The Court grants this redaction consistent with its prior rulings. 3M also

requests, and the Court grants, redaction of the following information as 3M specifications and

formulas, key customer information, and confidential pricing information: (1) on

Christy_CDT_014680–81, references to 3M's wheel specification, a specific wheel formula, and

a screenshot of the drawing; (2) on Christy_CDT_014679–80, references by Keene to that same

information; (3) on Christy_CDT_014683, CDT's integration of that information under the

"DESCRIPTION" column regarding product specifications; (4) on Christy_CDT_020605–10,

the 3M specifications discussed in the thread as the revised quotation and the purchase order; and

(5) on Christy_CDT_020603, the total quote as confidential pricing information.

Second, revised redacted ECF 169-7 was originally filed unredacted at ECF No. 112 and

was then filed in redacted form at ECF No. 128. 3M requests, and the Court grants, the following

additional redactions that 3M already included in ECF No. 169-7: (1) on page 25, in response to

paragraph 68, the contractor's name; (2) paragraph 237, the contractor's last name two times;

and (3) paragraph 243, the contractor's name three times.

Third, revised redacted ECF No. 169-9 was originally filed unredacted at 146-11 and was

then filed in redacted form at ECF No. 155 pages 106–10. 3M requests, and the Court grants, the

following additional redaction that 3M already included in ECF No. 169-9: a superabrasive

contractor's name at page 213, line 1.

Finally, revised redacted ECF No. 169-10 was originally filed unredacted at ECF No. 146

and was then filed in redacted form at ECF No. 154. 3M requests, and the Court grants, the

additional redactions already made by 3M in ECF No. 169-10 of the name of a subcontractor in

paragraphs 222, 237, and 243.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS 3M's Motion to Maintain

Documents Under Seal [ECF No. 172] and ORDERS that the documents previously filed at ECF

Nos. 169-1, 169-7, 169-9, and 169-10 are properly redacted.

SO ORDERED on October 3, 2025.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT