**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| 3M COMPANY, et al., | |
| Plaintiffs, | |
| v. | CASE NO. 1:21-CV-274-HAB |
| CONTINENTAL DIAMOND TOOL CORP, et al., | |
| Defendants. | |

## <u>OPINION AND ORDER</u>

Plaintiffs 3M Company and 3M Innovative Properties Company (collectively "3M") sued Defendants Continental Diamond Tool Corp. ("CDT") and Individual Defendants Paul Christy, Timothy Keene, and Chad Wesner (collectively "Individual Defendants"). 3M alleges CDT lured away 3M's employees—Christy, Keene, and Wesner—to obtain 3M's confidential information, including trade secrets, and has been using that information to compete to CDT's advantage, among other claims. After the Court's June 25, 2025 Opinion and Order ("Summary Judgment Order") granting in part and denying in part Defendants' motion for partial summary judgment (ECF No. 163), a dispute arose regarding proper calculation of damages, and the Court ordered briefing to resolve the matter before trial. Now before the Court is a Motion for Partial Summary Judgment (ECF No. 184) filed by Defendants CDT, Christy, and Wesner, and joined by Keene.[1] This motion has been fully briefed (ECF Nos. 185, 188, 194, 199) and is thus ripe for ruling.

As explained below the Court denies Defendants' motion for partial summary judgment.

---

[1] Individual Defendant Timothy Keene filed Motions to Join the other Defendants' summary judgment motion and their reply. (ECF Nos. 187, 198). Those motions are GRANTED. For the purposes of this Order, the Court will refer to all arguments as those of the Defendants, collectively.

## I.      Factual and Procedural Background

The Court presumes familiarity with the facts and procedural history underlying this case, which was set forth in great detail in the Court's Summary Judgment Order. As a refresher, though, this case arises out of 3M's allegations that CDT lured away 3M's employees to obtain 3M's confidential information in violation of the employees' 3M Employee Agreements and has been using that information to compete to CDT's advantage. 3M also contends that Christy, Keene, and Wesner—who all left 3M and began working for CDT between January and June 2021—breached their 3M Employee Agreements by taking and using for CDT's advantage large amounts of 3M's confidential information, including trade secrets.

The Amended Complaint brings four claims against all the Defendants: tortious interference with contract under Indiana state law (Count I); violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b) (Count II); violation of the Indiana Uniform Trade Secrets Act, Ind. Code § 24-2-3 (Count III); and unfair competition under Indiana state law (Count IV). (ECF No. 32). The state law breach of contract claim (Count V) is alleged against the Individual Defendants only. (*Id.*) The Defendants brought Counterclaims (ECF No. 35) and Amended Counterclaims (ECF No. 51), which the Court dismissed on 3M's motions. (ECF Nos. 48, 75).

After the Summary Judgment Order, the Court ordered additional briefing on the proper calculation of damages in an attempt to resolve the issue before trial (ECF No. 180).

## II.     Legal Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting

affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of his case on which he bears the burden of proof; if he fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* A court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted).

### III.    Discussion

Defendants filed a Motion for Partial Summary Judgment on December 12, 2025, asking the Court to enter partial summary judgment as a matter of law in holding that 3M should be precluded from seeking damages arising from both lost profits and avoided research and development ("R&D") costs, as an award under both would be duplicative. (ECF Nos. 184, 185). This dispute apparently arises from the use of a report from 3M's expert Philip Green, whom 3M engaged to provide opinions on damages and who opined that CDT's avoided costs and profits were additive, not duplicative. (ECF No. 186, ¶¶ 7-11 (citing ECF No. 113-7, "Green Report")).

3M opposes the motion, arguing Defendants are wrong about both the facts and the law. (ECF No. 188). As to the facts, 3M claims the Green Report establishes that the damages 3M seeks are not duplicative, or at the very least there remains "a question of fact for the jury as to what extent there is overlap between the avoided costs and profits." (*Id.* at 3). As to the law, 3M argues

the Seventh Circuit has adopted a flexible test for determining appropriate damages and that, in any case, a determination of duplicative damages cannot be made until after trial, making the Defendants' motion premature. (*Id.*)

This dispute started as an innocuous, seemingly purely legal question—whether Seventh Circuit precedent precluded awarding damages for both avoided R&D costs and unjust profits—but devolved into a heated factual debate with convoluted hypotheticals and attempts to rehash arguments settled in the prior summary judgment order. At the end of the day, though, the Court agrees with 3M that any decision about duplicative damages at this stage would be premature under *Motorola Solutions, Inc. v. Hytera Communications Corp.*, 108 F.4th 458 (7th Cir. 2024), a precedential case cited by both parties.

In *Motorola*, the Seventh Circuit elaborated on the paths available to a trade secrets plaintiff when calculating compensatory damages[2] under the DTSA, as well as the procedure for navigating those paths:

> The statutory language for the DTSA's first two methods of calculating damages parallels the Copyright Act. *See* 17 U.S.C. § 504(b). A plaintiff's first option is to recover as unjust enrichment the entire amount of the defendant's profits caused by the misappropriation. On this path, once the plaintiff proves the defendant's total profits from the theft, the defendant has an opportunity to seek apportionment by proving how its own efforts contributed to those profits. *See id.* A plaintiff's second option is to prove as damages its actual losses (a legal remedy) plus any gains to the defendant not accounted for in plaintiff's actual losses as unjust enrichment (an equitable remedy). If a plaintiff follows this path and tries to prove its own losses, it must also show that the additional amount of unjust enrichment it seeks from defendant will not duplicate its own lost profits. In this case, for example, it would be double-counting for Motorola to count the same unit of sale as both lost profits to itself and unjust enrichment to Hytera.

---

[2] The DTSA also includes a third path for damages in which the court awards "damages caused by the misappropriation measured by imposition of liability for a reasonable royalty for the misappropriator's unauthorized disclosure or use of the trade secret." 18 U.S.C. § 1836(b)(3)(B)(ii). As it was in *Motorola*, the third method for calculating damages does not appear to be at issue here. *See Motorola*, 108 F.4th at 489–90.

*Motorola*, 108 F.4th at 490. Importantly, "[a] successful plaintiff is entitled to the larger of these two amounts." *Id.*

And to figure out which amount is larger, "a plaintiff is entitled to factual determinations as to the amount available under both paths for calculating compensatory damages." *Id.* at 491; *see also Respect Inc. v. Comm. on Status of Women*, 821 F. Supp. 531, 532 (N.D. Ill. April 1, 1993) ("There is of course only one way to determine which of two numbers is larger, and that is to ascertain *both* of those numbers."). Thus, "[i]f a plaintiff adequately preserves its arguments for compensatory damages under both theories through the close of trial and any relevant post-trial motions, . . . the factfinder is obliged to make findings as to the amount of compensatory damages available by each path." *Motorola*, 108 F.4th at 491. Only after those findings can the plaintiff be awarded the greater of the two amounts. *Id.*

The damages amounts are certainly still subject to factual dispute, and the Seventh Circuit requires that 3M be allowed to present evidence and arguments for both damages paths at trial. Defendants did not respond to this argument, but the precedent is clear that attempting to make a determination on duplicative damages at this point would be counting chickens before the eggs are even laid. In short, the Court simply cannot determine whether damages may be duplicative until there has been some determination by the factfinder what those damages *are*. As such, Defendants' motion for partial summary judgment must be denied without prejudice to refiling as a post-trial motion.

Even absent this directive from the Seventh Circuit, however, the complexity of the damages issues briefed here also leads the Court to the conclusion that it is premature for the Court to rule on an unsettled damages question absent a finding of liability. To facilitate the case, this Court "may order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b). Bifurcation

of liability and damages makes sense in the situation the Court has here. Bifurcation is permitted when it is "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy[.]" *Id.* And only one of these criteria need be satisfied for the Court to order bifurcation. *Smith-Waker v. Zielinski*, 2003 WL 21254221, at 1 (S.D. Ind. Apr. 29, 2003) (citing *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994)). "The court has a wide range of discretion in evaluating whether to bifurcate issues and claims for trial, as long as the right of trial by jury is preserved." *Id.*; *see also Volkman v. Ryker*, 736 F.3d 1084, 1089 (7th Cir. 2013). This case is currently scheduled for a ten-day jury trial to begin July 20, 2026. Given the complexity of the claims and the damages issues—combined with the fact that the damages issues cannot be decided absent a finding of liability on the claims—the Court finds that bifurcation of liability and damages is warranted to promote expedition and judicial economy.

In light of this opinion, the parties are directed to engage in further settlement discussions prior to the final pretrial conference. If the parties would like to revisit settlement discussions through Magistrate Judge Andrew Teel, they should contact his chambers to schedule a further settlement conference.

## **CONCLUSION**

For these reasons, the Defendants' Motion for Partial Summary Judgment (ECF No. 184) is DENIED. The Court ORDERS that the trial as to liability and damages will be bifurcated.

**SO ORDERED** on April 30, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

6